HUGH HUNT ET AL. v. S. R. JOHNSON ET AL.

No. 2380.    Decided December 23, 1914.

**1.—Jurisdiction of Supreme Court—Misjoinder of Actions.**

Uniting two separate cases does not constitute them one case, nor give the Supreme Court jurisdiction to revise the judgment therein where the separate causes of action were each within the jurisdiction of the County Court. The question of jurisdiction of the subject matter arises in such cases without objection being made to the misjoinder. (P. 509.)

**2.—Same—Case Stated.**

Two owners of separate lots united to bring one suit in the District Court for damages to their respective properties, alleged to be $750 each. Defendant's objection to the misjoinder of the actions was improperly overruled in the trial court. It should have been sustained; and though it was not urged on appeal or on writ of error in the Supreme Court, each cause of action being within the jurisdiction of the County Court, the Supreme Court was without jurisdiction and must dismiss the case. (P. 509.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Johnson County.

S. R. Johnson and J. B. Copeland sued Hugh Hunt and Winfield Scott in the District Court, and had judgment. Defendants appealed and on affirmance obtained writ of error.

*Stephens & Miller, W. Poindexter,* and *S. C. Padelford,* for plaintiff in error.—This court has jurisdiction to grant the prayer in this petition for error for the reason that the aggregate amount of damages claimed by the plaintiffs in their petition amount to the sum of $1500. This being originally a suit for injunction, and for damages, the defendants in error electing to claim only damages in the aggregate amount of $1500 would not in any way affect the exclusive jurisdiction of the District Court, and this is a case in which the County Court did not have jurisdiction. Jung v. Neraz, 71 Texas, 396; 1 High on Injunctions, sec. 793; Davis v. Lamberton, 56 Barbour (N. Y.), 480; Field on Damages, pp. 602-603, sec. 748; Fitzhugh v. Custer, 4 Texas, 395-396; Mays v. Lewis, 4 Texas, 42-43; Mitchell v. Sheppard, 13 Texas, 484; Clegg v. Varnell, 18 Texas, 304; Turner v. Brooks, 21 S. W., 405; Moore v.

Minerva, 17 Texas, 20; Moore v. Frances, 17 Texas, 28-29; Goldman v. Blum, 58 Texas, 633; 1 Sayles' Texas Civil Practice, p. 166, sec. 150; Hamilton v. Wilkerson, 1 Texas App. C. C. (White & W.), sec. 556; Carlisle v. Eldridge, 1 Texas App. C. C. (White & W.), sec. 986; T. & P. Ry. Co. v. Smith & White, 79 S. W., 614, affirmed, 98 Texas, 635; Girardin v. Dean, 49 Texas, 243; N. C. & St. L. Ry. Co. v. Grayson County National Bank, 100 Texas, 17; I. & G. N. Ry. Co. v. Lucas & King, 37 Texas Civ. App., 404; Mohrhardt v. S. P. Ry. Co., 2 Texas App. C. C. (Willson), sec. 323; Jalufka v. Matejek, 22 Texas Civ. App., 384; Security Co. v. Panhandle Nat. Bank, 93 Texas, 575.

*Phillips & Bledsoe* and *F. E. Johnson,* for defendants in error.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

Hugh Hunt and Winfield Scott erected a gin in the City of Cleburne, near to the residences of S. B. Johnson and B. J. Copeland, who resided on separate lots, neither being interested in the property of the other. It was claimed in the petition that Hunt and Scott so located their gin house, and so operated the gin as to cause the property of Johnson and Copeland, each, to deteriorate in value the sum of $750, each. It is not claimed that the plaintiffs are joint owners of the property injured, nor that either was interested in the damages sought to be recovered for injury done to the property of the other.

The plaintiffs in error made their objection to the joinder of the actions in the District Court, but they make no objection here.

Parties can not join in an action to recover separate and distinct parcels of land or damages thereto in which they have no common or joint interest, and the objection of the defendants should have been sustained by the District Court. Curry v. York, 3 Texas, 359; Allen v. Read, 66 Texas, 21. In the case last cited, the court said:

"In view of the disposition that will be made of the case, it is unnecessary to consider the sufficiency of the evidence to support the claims of Mrs. Thompson, Mrs. Jeffus and R. N. Read, under the statutes of limitation. As each of the plaintiffs claim separate parts of the league of land in controversy, the action by them all is irregular, and had objections been made, at proper time, and in proper manner, to the maintenance of this joint action, they should have been sustained; but this was not done, and as this relates to the procedure, and not to the rights of the several parties, the objection can not be made in this court."

If each plaintiff had instituted a separate suit in the County Court, or in the District Court, this court would have no jurisdiction of either case. The uniting of two separate cases does not constitute one case, and as this court has no jurisdiction of either case, it can not have jurisdiction of two, when improperly joined. Upon the face of the proceeding, the question of jurisdiction of the subject matter arises without objection by either party. Such want of jurisdiction of subject matter can not be waived by the parties, nor disregarded by this court. It follows that this cause must be dismissed for want of jurisdiction.