MOUSER v. FIRST NAT. BANK OF EL CAMPO. (No. 5881.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 10, 1917.)

1. JUDGMENT ⚖⇒335(1) — MISTAKE — CORRECTION.

Under Rev. St. art. 2016, a suit will lie for correction of a mistake in a judgment.

2. JUDGMENT ⚖⇒315—MISTAKE—CORRECTION.

In an action wherein writ of garnishment was procured against a party who answered that he was indebted to defendant in a sum secured by a lien on two lots, and the judgment was rendered against the garnishee, but by mistake the lien was not foreclosed, the garnishee's answer furnished a sufficient basis for the correction of the judgment to foreclose the lien.

3. JUDGMENT ⚖⇒297—MISTAKE—CORRECTION.

The trial court has inherent power to correct an evident mistake in its judgment.

Appeal from District Court, Wharton County; Samuel J. Styles, Judge.

Action by the First National Bank of El Campo against S. P. Smiley and wife, wherein D. N. Mouser was garnished. Judgment against the garnishee and he appeals. Affirmed.

George P. Willis, of El Campo, for appellant. Cappel & Rowan, of El Campo, for appellee.

FLY, C. J. In 1915, appellee recovered judgment against S. P. Smiley and Levina

Smiley for the sum of $2,289.45, in the district court of Wharton county, of which sum $1,822.60 is still unpaid, and afterwards procured a writ of garnishment against appellant, who answered that he was indebted to the Smileys in the sum of $380, which was secured by a lien for material on two certain lots of land in El Campo, Wharton county. Judgment was rendered against appellant, upon his answer, for $380, but by mistake the lien for material was not foreclosed against the lots. On February 10, 1916, appellee filed an application to correct the judgment, which was rendered on November 22, 1915, so as to foreclose the lien, and on May 15, 1916, the court rendered judgment in favor of appellee against appellant for $380, and foreclosed the lien for material.

[1-3] If the suit be one for the correction of a mistake in the judgment, it is sustained by the statute. Rev. St. art. 2016. No evidence aliunde the record in the case was necessary, or was permitted, but the answer of appellant in the garnishment suit furnished a sufficient basis for the amendment or correction of the judgment. Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; Yarbrough v. Etheredge (Tex. Civ. App.) 163 S..W. 998. As said by the Supreme Court in Coleman v. Zapp, the trial court had the inherent power to correct an evident mistake in its judgment. The court found that a mistake of omission had occurred in the failure to foreclose the lien. Appellant admitted he owed the debt and that it was secured by a lien, and it is equitable and just that he should be compelled to pay the debt, even though a foreclosure is required to accomplish this object.

The case can be viewed as an original suit on a judgment, and the judgment rendered can be justified under that class of case.

The judgment is affirmed.