## CHAS. M. NEVITT AND WIFE V. LOUIS WILSON, DISTRICT JUDGE, ET AL.

### Motion No. 6792.   Decided June 9, 1926.
### (285 S. W., 1079).

#### 1.—Mandamus—Judgment—Parties.

An application to the Supreme Court for writ of mandamus to require the clerk of a District Court to issue execution on what was claimed to be a final judgment therein in applicant's favor, or in the alternative to require such judgment, if not found to be duly rendered, to be entered by the District Judge *nunc pro tunc* on a previous verdict in applicant's favor, must .make the defendant against whom execution or judgment is sought a party defendant to the proceeding in the Supreme Court. In absence of such party the Supreme Court refuses leave to file the application for mandamus. Cleveland v. Ward, 116 Texas, 1. (P. 32).

#### 2.—Courts—Judgment—Inadvertent Entry.

A trial court has inherent judicial power to make its record speak the truth as to what the court has actually done, and by virtue thereof to strike from such records a judgment inadvertently entered at a former term by its clerk without judicial determination that it be rendered. This power is not subject to legislative control nor affected by statutes limiting the time within which motions or proceedings relating thereto may be filed or acted on or fixing the time when such judgment shall become final. Coleman v. Zapp, 105 Texas, 491, and other cases followed. (Pp. 33, 34).

#### 3.—Same—Statute.

The power given to a court by Art. 2228, Rev. Stats., 1925, to correct mistakes in the record of any judgment is applicable to the Dallas County District Courts. That article is no more limited by anything in the special Act applicable to those courts (Art. 2092, Rev. Stats., 1925) than by the general statute regulating motions for new trial. (Pp. 34, 35).

#### 4.—Judgment—Verdict—Docket Memorandum.

The entry on his docket by the trial judge on the return of a verdict by

the jury of the memorandum: "Jury verdict on special issues for plaintiff," does not indicate an approval of the verdict by him, nor a determination by him that judgment should be entered in accordance with it. (P. 36).

### 5.—New Trial—Jurisdiction—Motion—Time Limit.

In a suit in the District Court of Dallas County, wherein proceedings were governed by Rev. Stats., 1925, Art. 2092, Secs. 28, 29, 30, verdict was returned favorable to plaintiff on special issues. Defendant duly moved for new trial, and plaintiff for judgment on the verdict. Neither motion was passed on during the term, but judgment was entered on the record, inadvertently and not on determination by the court. At the subsequent term and sixty days after a motion for new trial was filed it was granted and the judgment inadvertently entered was stricken out and held for naught. Held that the court had not lost jurisdiction, and that its action was not precluded by Secs. 28, 29, and 30, of Art. 2092. (Pp. 36-38).

Application by Nevitt and wife for leave to file an original petition to the Supreme Court for writ of mandamus against the District Judge and clerk.

*Bird & Bird,* for relators.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case is before us on application for leave to file a petition for mandamus against Honorable Louis Wilson, Judge of the Forty-fourth District Court of Dallas County, and Honorable John H. Cullom, clerk of that court.

In a certain suit pending in Judge Wilson's court, No. 48316, Charles M. Nevitt and wife v. John R. Whorton, a verdict of the jury was returned on May 3, 1924. When the verdict came in, Judge Wilson entered upon his docket the following notation: "Jury verdict on special issues for plaintiff."

On May 5, 1924, within two days after the rendition of this verdict, the defendant in that case, John R. Whorton, filed a motion to set aside the verdict and grant him a new trial. On May 6, 1924, the plaintiffs, Nevitt and wife, filed with the clerk of the court their motion for a judgment on the verdict together with a form of decree which they desired entered. This form of judgment was entered on the minutes by the clerk on May 31, 1924. The minutes for the term were approved by Judge Wilson on that day, which was the closing day of the term.

On June 21, 1924, after the beginning of the succeeding term of court, and some forty-six days after the original motion was filed, the defendant, Whorton, filed what he called a supplemental motion for new trial.

On July 5, 1924, sixty days after the original motion for a new

trial was filed, the court heard the original and amended motions, set aside the verdict of the jury, and granted a new trial.

On August 7, 1924, the plaintiffs, Nevitt and wife, filed a motion to vacate the order of July 5 granting a new trial and to reconsider and sustain their previously filed motion for judgment, for the reason that sixty days had elapsed between the filing of the original motion for new trial and the hearing of the motion by that court, and that by operation of law the jurisdiction of the court to entertain the motion for a new trial had ended and the judgment had become final. This motion was heard on September 24, 1924, but no express order overruling it was entered. Upon that hearing, however, the defendant's attorneys called the court's attention to the fact that the judgment in the plaintiffs' favor entered on the minutes of the court had not been signed by the court. Whereupon the court struck the judgment from the minutes, entering the following decree:

"On this the 24th day of September, A. D. 1924, it being made to appear to the Court that on May 31, 1924, what purports to be a judgment of this court was entered on the minutes bearing date May 31, 1924, and being recorded in Book 52, Page 185 of the Minutes of this Court, and it appearing to the Court that on said date of May 31, 1924, there was pending before this Court a motion by plaintiffs for judgment on the special findings of the jury and a motion by defendant to set aside the findings of the jury and grant a new trial, and that said judgment as entered was without the knowledge or approval of this court;

"IT IS ORDERED that said purported judgment and the record thereof be and the same is stricken out, set aside and held for naught."

It is obvious from a reading of this decree that it was an adjudication that the court had never in fact pronounced any sentence, decree, or judgment on the verdict of the jury, and that the entry of such a decree by the clerk was an inadvertent irregularity. The effect of the order just quoted was also tantamount to a refusal, under the issues then before the court, to grant the plaintiffs' motion to set aside the order vacating the new trial and to overrule the plaintiffs' motion for judgment theretofore filed on May 6, 1924.

Subsequent to the above proceedings, the plaintiffs, Nevitt and wife, applied to the clerk, John H. Cullom, for an execution on the judgment involved, in which he refused to issue. A motion was then made in the cause for the court to order the clerk to issue the execution, which was overruled.

The application before us is for the issuance of a mandamus

to require John H. Cullom, the district clerk, to issue execution on the judgment involved, or, in the alternative, that if the judgment recorded on the minutes of the District Court of the Forty-fourth District is not found to be the judgment of that court, then that Judge Wilson be required to render a judgment *nunc pro tunc* in keeping with this verdict.

John H. Whorton, the defendant in the judgment, is not named as a party respondent in the petition for mandamus. Under the well established practice of this court, he is a necessary party. Cleveland v. Ward, this day decided, but not yet officially reported, and authorities there cited; Crumley v. McKinney (Texas Sup.), 9 S. W., 157; Cullen v. Latimer, 4 Texas, 329; Chappel v. Rogan, 94 Texas, 492, 62 S. W., 539.

Since we could not hear and consider the petition and grant the relief asked for, it would be useless for us to permit the petition to be filed. Since, however, the question of practice involved is a matter of importance, we will pass upon the merits of the application as well.

The Forty-fourth District Court of Dallas County comes within the Act of 1923, applicable only to certain counties of the State. The Act is now embraced in Art. 2092, Vernon's Annotated Texas Statutes. Only certain subdivisions are involved in the matter before us. These read as follows:

"28. Motion for New Trial.—A motion for new trial filed during one term of court may be heard and acted on at the next term of court. If a case or other matter is on trial or in process of hearing when the term of court expires, such trial, hearing or other matter may be proceeded with at the next term of the court. No motion for new trial or other motion or plea shall be considered as waived or overruled, because not acted on at the term of court at which it was filed, but may be acted on at the succeeding term or at any time which the judge may fix or to which it may have been postponed or continued by agreement of the parties with leave of the court. All motions and amended motions for new trials shall be presented within thirty days after the original motion or amended motion is filed and shall be determined within not exceeding forty-five days after the original or amended motion is filed, unless by written agreement of the parties filed in the case, the decision of the motion is postponed to a later date.

"29. Time to File Motion for New Trial.—A motion for new trial where required shall be filed within ten days after the judgment is rendered or other order complained of is entered,

and may be amended by leave of the court at any time before it is acted on within twenty days after it is filed.

"30.  Judgment Final, When.—Judgments of such civil district courts shall become as final after the expiration of thirty days after the date of judgment or after a motion for a new trial is overruled as if the term of court had expired.  After the expiration of thirty days from the date the judgment is rendered or motion for new trial is overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review in other district courts."

The insistence is here made that because the original motion for new trial was not presented within thirty days and acted upon within forty-five days after the verdict of the jury was received, and because the supplemental motion for new trial was not filed until forty-six days after the verdict, and the motion for new trial was not granted until sixty days thereafter, the order granting the new trial, as well as that vacating and striking from the minutes of the court the judgment, is void for the reason that the court had lost jurisdiction and the judgment had become final.

We will first discuss the validity of the judge's act in striking from the minutes the judgment which had been entered thereon.

We quoted the decree, which shows that the original judgment struck from the minutes was entered in the cause without the knowledge or approval of the court.  In other words, that it was entered without the court's authority and through inadvertence.  It is clear then to our minds that the statutes quoted above have no application to the act of the court in striking the inadvertent decree from the minutes of the court.  The power of a court to correct inadvertent judgment entries or irregularities which find place upon its minutes without authority or judicial action is one which does not rest upon legislative acts and cannot be destroyed by legislative authority.  That power of the court is derived from the Constitution, which creates it.  The power of the court to make its minutes speak the truth as to what the court has actually done is beyond legislative limitation or control; unless, of course, under some principle of estoppel rights of third parties may have intervened.  In consequence of this doctrine, it is established law that statutes such as the one quoted above, limiting the power of courts within a certain period of time to control their judgments, have no application to the organic power of courts to correct nonjudicial mistakes in their proceedings, or to annul orders and judgments inadver-

tently or improperly entered of record. Freeman on Judgments (5th Ed.), Vol. 1, Secs. 216, 217, 218, 219, 220, 226; Coleman v. Zapp, 105 Texas, 491, 494, 151 S. W., 1040; Burnett v. State, 14 Texas, 456, 65 Am. Dec., 131; Whittaker v. Gee, 63 Texas, 435; Mouser v. First National Bank, 197 S. W., 1000; Moore v. Toyah Valley Irr. Co., 179 S. W., 550; Gerlach Mercantile Co. v. Hughes-Bozarth-Anderson Co., 189 S. W., 784; Mausel v. Castles, 54 S. W., 299; see many cases in the notes to Vernon's Anno. Statutes, Art. 2228.

Aside from the inherent power of the court to make its judgments speak the truth as to the action of the court, the statutes of this State (Vernon's Anno. Statutes), Art. 2228, expressly declares:

"Mistakes in the record of any judgment or decree may be amended by the judge in open court according to the truth or justice of the case after notice of the application therefor has been given to the parties interested in such judgment or decree, and thereafter the execution shall conform to the judgment as amended."

This statute is applicable to the Dallas County District Court. There is nothing in the special Act before us that indicates any purpose to deny the power declared in the above article to any District Court of the State. That article was enacted in 1846, and in purpose is but a statutory declaration of the power inherent in all courts of record. Nothing in the sections of the special Act applicable to Dallas County District Courts, heretofore quoted, is any more a limitation on this article (2228) than is the general statute regulating motions for new trial.

Mr. Freeman, in Sec. 226, says:

"A court may of course always strike from its record what purport to be but are not in fact judgments because entered without authority, * * * since there was never in fact any judgment in existence.

"If the clerk improperly enters a judgment without any direction therefor or contrary to the directions given, it may be stricken at any time with or without a motion. Thus a judgment entered by the clerk upon default, without action by the court, in a case where he is without the power to do this, or where the default was not entered until after the actual filing of the required pleading, is void and may be disregarded or set aside by the court of its own motion at any time, regardless of how the invalidity is called to its attention. So where the court ordered a case to stand over and to be continued for argument,

and the clerk, by mistake, entered judgment on the verdict, and issued execution, the judgment was set aside and the execution quashed at the next term, on motion."

In the case of Coleman v. Zapp, supra, this court, in an opinion by JUSTICE PHILLIPS, afterward Chief Justice, clearly stated the law as follows:

"The solution of this question lies primarily in the substantial distinction which exists between the rendition and the entry of a judgment, and between the exercise of powers inherent in a court and those which depend for their operation upon the petition of parties. Judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded. The failure of the minute entry to correctly or fully recite what the court judicially determined does not annul the act of the court, which remains the judgment of the court notwithstanding its imperfect record. Freeman on Judgments, Sec. 38. Hence it is that from the earliest times the power of correcting or amending their records, by *nunc pro tunc* entry, so as to faithfully recite their action, has been possessed and exercised by the courts as an inhert right, independent of any statute, and in the absence of express provision, unaffected by limitation. Freeman on Judgments, Sec. 56; Ency. P. & Prac., Vol. 18, p. 459. Our statutes providing for the correction of mistakes in the record of judgments and decrees (Arts. 1356 and 1357, Sayles' Civil Stat.) govern the procedure of its exercise, but they are only cumulative of this inherent power of the courts to have their records at all times speak the truth. If a court is made aware that, through mistake or omission, its records do not recite its judgment as actually rendered, we do not doubt that it is not only the right, but the duty, of the court of its own motion and after due notice to the parties, to order the proper entry. The nature of a judicial record, the accuracy of which is the peculiar concern of the court and which for that reason and to that extent remains within the court's control, forbids that its correctness as an expression or evidence of judicial action should depend upon the inauguration of a proceeding by the parties, and it is therefore plain that such a proceeding only invokes an authority which the court may exercise of its own accord."

It is clear to us, therefore, that Judge Wilson had the power to vacate the inadvertent entry of the decree as he did do, and under the facts and circumstances found by him. The insistence

is made here, however, that the memorandum made by the judge
on his trial docket, previously quoted, to the effect that there
was a jury verdict on special issues for the plaintiff, was tanta-
mount to the entry of a judgment.   This insistence is without
merit.   The entry was a mere memorandum by the court that
the verdict of the jury had been received, with a brief statement
of the effect of the verdict; but there is nothing in the entry to
indicate that the court approved the verdict, or would approve
the verdict, and enter a decree in favor of the plaintiffs thereon.
The subsequent proceedings by the plaintiffs themselves in filing
a motion for judgment within three days after the entry of this
memorandum on the docket shows that they themselves at the
time construed it to be a memorandum of the jury's action, and
not the entry of a decree by the court.

We will next consider the question whether or not, aside from
the point just discussed, the court had the authority to grant
the motion for new trial.   We think the court had the power.

At the time the term of court adjourned on May 31 there was
pending a motion for a new trial on the part of the defendant,
Whorton, filed within the statutory time, and a motion for judg-
ment on the part of plaintiffs, Nevitt.   Under the statute above
quoted, these motions went over without abatement to the suc-
ceeding term, to be acted on "at any time which the judge may
fix or to which it may have been postponed or continued by
agreement of the parties with leave of the court."   Both of these
motions were pending, undisposed of, on July 5, when the new
trial was granted.   The supplemental motion for new trial pur-
ports to have been filed under leave of the court more than
twenty days after the filing of the original motion, but whether
so or not is immaterial, since if the court had the power to
permit it to be filed, he had authority to consider it, though filed
without leave.   Townes v. Lattimore, 114 Texas, 511, 272 S. W.,
435, 437.

We have heretofore held that so long as the court has juris-
diction of the cause, a new trial may be granted, regardless of
the statute prescribing when motions are to be filed.   In this
particular case the original motion was filed within two days
after the trial, and therefore within the statutory time.   From
that time forward the court had complete jurisdiction of the
case, as it did before, with power to act on the motion.   It is
true that the statute says that all motions and amended motions
must be presented within thirty days after the original motion
or amended motion for new trial is filed.   This merely means
that unless presented within this time, the trial judge might

decline to consider the same, and in some instances not be in the attitude of abusing his discretion. But the jurisdiction of the court cannot be made to depend on the failure of counsel to present a motion for new trial which, in the nature of things, the court was compelled to dispose of. The original motion in this case, as well as the motion for judgment made by the plaintiffs, were matters pending in the court which had to be disposed of in some manner. The trial of the case was not concluded until these motions were disposed of. Gulf, C. & S. F. Ry. Co. v. Muse, 109 Texas, 352, 207 S. W., 897; Townes v. Lattimore, 114 Texas, 511, 272 S. W., 435, 436.

In the last case cited we held that if the motion for new trial was filed within the time prescribed by Subdiv. 29, quoted above, the jurisdiction of the court to dispose of the motion extended for forty-five days thereafter, but declined to pass on the question as to whether or not the extension was beyond the forty-five-day period, because such issue was not involved in that case. It is involved in the instant case, and we have concluded that jurisdiction to act on a motion filed within the statutory period extends until the motion is acted upon, even though this is after the expiration of forty-five days from its filing.

The rule is an elementary one, old in the history of English jurisprudence, that a trial court, in virtue of its inherent power as a court, can grant new trials so long as it has jurisdiction of the cause. Townes v. Lattimore, supra; Freeman on Judgments (5th Ed.), Vol. 1, Secs. 194, 195. As a corrollary to this it follows that statutes governing new trials will not be construed as attempting to abridge this inherent power when they manifest no intention to do so. Freeman, Vol. 1, Sec. 195, p. 380; Cohen v. Moore, 101 Texas, 45, 47, 104 S. W., 1053. The statutes before us evidence no purpose to put an end to the jurisdiction of the court at the end of forty-five days when a statutory motion for new trial has been filed. They do not say that the court may not thereafter act on the motion. True, after the end of forty-five days circumstances might be such that a mandamus would lie against the judge to require him to act on the motion, but none would lie before that time. The statute plainly negatives any purpose to deprive the court of jurisdiction to act. Subdiv. 30 expressly declares that the judgment shall not become final until thirty days after a motion for new trial is overruled. If the judgment does not become final, it must still be within the jurisdiction of the court. Of course, if no motion for new trial is filed, the statute declares that the judgment shall be final thirty days after judg-

ment; but when a motion is filed, as in this case, jurisdiction not only extends until the motion is acted on, but the judgment is not final until thirty days thereafter. Subdiv. 28 within itself clearly shows the court does not lose jurisdiction at the end of the forty-five-day period, for it expressly declares that by written agreement of the parties, filed in the case, the decision of the motion may be postponed to a later date. The authorization of such agreement must be construed as a plain statutory recognition of the patent fact that the court has jurisdiction not only to postpone action on the motion, but to postpone it to a period beyond the forty-five-day limit insisted on, and after the expiration of that limit to grant a new trial.. If we were to say that at the end of the forty-five-day limit the trial court loses jurisdiction of the motion and the case, unless an .agreement to postpone was filed in the case, then we would be declaring that the jurisdiction of the court would thereafter exist, not by virtue of any statute, but by virtue of the agreement of counsel. The jurisdiction of courts to act does not rest upon agreements or possibility of agreements of contending counsel. Jurisdiction as to subject-matter does not exist by agreement, but by virtue of the Constitution and such valid statutes as may be enacted relating to the subject. Jurisdiction, like every other law, exists by virtue of the supreme power of the government, either by the Constitution or statutes, or both, having prescribed a rule of action applicable to all parties,. whether they agree or do not agree with reference to the time when the court may act. Jurisdiction of courts is a matter of law, not of agreement. 15 Corpus Juris, p. 730, Sec. 27, p. 802, Sec. 101; 3 Corpus Juris, p. 369, Sec. 125e; Freeman on Judgments (5th Ed.), Vol. 1, Secs. 336, 337; Vol. 3, Sec. 1349; Texas & P. Ry. Co. v. Gay, 86 Texas, 571, 581, 25 L. R. A., 52, 26 S. W., 599; Hunt v. Johnson, 106 Texas, 509, 510, 171 S. W., 1125.

We are convinced that the statute before us, giving it a construction consistent with the rules applicable, evinces no purpose to deprive a court of power to act on a motion for new trial filed within the statutory period, merely because it may not have acted on it within the forty-five-day period.

The case of Phil H. Pierce Co. v. Watkins, 114 Texas, 153, 263 S. W., 905, has no application to the case before us. In that case the motion for new trial was not filed within the statutory time.

The application for mandamus not having made a party to this proceeding one of the necessary parties to be affected by the

decree, and not having shown under the statute probable ground for the issuance of the mandamus, the motion for leave to file is overruled.