472

## LLOYDS ALLIANCE v. OLIVER, Justice of the Peace.

### No. 2860.

Court of Civil Appeals of Texas. Waco.

July 14, 1949.

Rehearing Denied Aug. 9, 1949.

Tom H. Kee, Waco, for appellant.

Rex Emerson, Waco, for appellee.

HALE, Justice.

This is an appeal from an order of a District Court denying the application of appellant for the issuance of a writ of mandamus commanding a Justice of the Peace to reinstate a vacated judgment theretofore rendered by default in favor of appellant against one A. C. Weibusch and to issue execution thereon. Weibusch was not a party to the mandamus proceeding.

Although the court below did not file any findings of fact and conclusions of law, we think the evidence adduced upon the hearing of the application for mandamus was sufficient to sustain findings to the effect that on December 13, 1948 the Justice of the Peace inadvertently entered judgment by default against Weibusch as the result of a clerical error in failing to make his customary record when an answer is filed; that on December 29, after the term of his court had expired, the Justice of the Peace discovered that Weibusch had not been in default and thereupon he entered an order vacating the prior judgment; that appellant then moved the Justice of the Peace to set aside the vacating order, to reinstate the default judgment and to issue execution thereon; and that the latter motion, after some character of a hearing, was overruled. Neither the citation that was served upon Weibusch nor the default judgment that was entered against him in the Justice Court or the order overruling appellant's motion to reinstate the same was introduced in evidence upon the hearing of the application for mandamus, notwithstanding such instruments or properly certified copies thereof would have been the best evidence as to the recitals and contents of each.

In our opinion the affirmative duty rested upon appellant to bring before the court all necessary parties to the mandamus proceeding and to make a clear showing by the introduction of competent evidence of its right to the relief sought. Under the circumstances shown by this record we think Weibusch was a necessary party to such proceeding and in his absence the court below could not properly grant the relief there sought, regardless of any other consideration. Nevitt v. Wilson, 116 Tex. 29, 285 S.W. 1079, pt. 1, 48 A.L.R. 355.

Accordingly, the judgment appealed from is affirmed.

TIREY, Justice (dissenting).

Owing to the fact that I am not able to agree with the disposition of this case made by the majority of this court I desire to respectfully enter my dissent.

This is an appeal from a judgment denying plaintiff's application for writ of mandamus against the Hon. Nash Oliver, Justice of the Peace, Precinct No. 1, Place No. 2, McLennan County, Texas. Application for mandamus sought to have the Justice of the Peace to reinstate a default judgment granted in his court on the 13th day of December, 1948, and that said Justice be required to issue execution as provided by law. A comprehensive statement is necessary to the point presented.

The pertinent facts are without dispute. The applicant herein, on November 29, 1948, filed suit in the above Justice Court against Frank Lewis Tekell and Arthur C. Wiebusch. Service was had upon Wiebusch on the 30th of November, 1948, as required by law. Defendant Tekell waived service and return thereon and made his appearance by his attorney in court on the 13th day of December, 1948 at a regular term and at the regular call of the docket. Plaintiff appeared through its attorney and announced ready for trial but defendant Wiebusch did not appear in person nor by attorney of record. A jury was waived by defendant Tekell and plaintiff and the court heard the pleadings, evidence and testimony and judgment was entered in favor of plaintiff and against Tekell on the 13th of December, 1948, for the sum of $100 and that said Wiebusch had no interest in the amount of the recovery and taxed the costs against plaintiff. On the 29th day of December, 1948, the Hon. Nash Oliver, Justice of the Peace of said court, on his own motion and without notice to the plaintiff, entered an order vacating and setting aside said judgment.

The Justice of the Peace testified on the trial in part: "On December 13, 1948, counsel here, Mr. Kee (attorney for Lloyds Alliance, applicant for mandamus) came in and asked for a default judgment in this case. I looked at the docket and it didn't show there had been an answer filed or that Tekell had made any appearance in person or through an attorney. I granted the default judgment on that date. On December 29th Mr. Orville Jobe, whom I had information was the attorney for Mr. Wiebusch, called my office and said 'did you give a default judgment on December 13th?' and I told him I did. He said 'we answered in that suit, I know we did. I mailed you an answer and you are bound to have received it. Will you look in the shuck and see if it isn't there?' I looked in the shuck and found his answer, came back to the telephone and told him I had found the answer, I was sorry we had overlooked putting a memorandum in the docket and that I was sorry I had given a default judgment and on my own motion the judgment was that date set aside. I asked him if he would get in touch with Mr. Kee and I would set the case down for trial. * * * He further testified to the effect that at the time he gave the default judgment he looked at the docket but he did not look in the shuck or envelope to see if an answer had been filed before giving the default judgment; that when he found the answer in the shuck it had no mark on it showing the date it was received and filed; that he did not mark on the back of the answers the dates they are filed but he made such notation on the docket. "Question by the Court: Was that just a clerical error? A. It was, and there is no question in my mind the answer was filed prior to the date of the default judgment." The Justice of the Peace further testified to the effect that when the default judgment was entered, Mr. Maddin, attorney for Mr. Tekell, and Mr. Kee, attorney for appellant here, were present. The Justice of the Peace signed the judgment entered. Under the record here made I think the entry of the default judgment against Wiebusch was a judicial mistake as distinguished from a clerical error. See Acosta v. Realty Trust Co., Tex.Civ.App., 111 S.W.2d 777; Hays v. Hughes, Tex.Civ.App., 106 S.W.2d 724. This, I believe to be in accord with the rule announced by our Supreme Court in Love v. State Bank & Trust Co. of San Antonio, 126 Tex. 591, 90 S.W.2d 819.

On December 31, 1949, plaintiff (the applicant) filed motion to reinstate judgment heretofore given in its favor, and this motion was overruled January 1, 1949. Since the Justice Court had no jurisdiction to vacate and set aside judgment theretofore rendered by it, appellant could not appeal

474

from the action on his motion to the County Court. See Lewis v. Terrell, Tex.Civ. App., 154 S.W.2d 151, points 5–7, at page 153; Childress Oil Co. v. Wood, 111 Tex. 165, 230 S.W. 143. Neither Wiebusch nor his attorney made any attempt to comply with Rule 566, Texas Rules of Civil Procedure, which provides in effect: "A justice may within ten days after the rendition of a judgment by default or of dismissal, set aside such judgment, on motion in writing, for good cause shown, supported by affidavit. Notice of such motion shall be given to the opposite party at least one full day prior to the hearing thereof."

The trial court's judgment denied application for mandamus and adjudged the costs against the applicant. The majority opinion affirms the action of the trial court on the theory that Wiebusch was a necessary party and was not made a party defendant to this application for mandamus. I do not think that Wiesbusch was a necessary party defendant to the application for writ of mandamus under the doctrine announced by our Supreme Court in the early case of Gaal v. Townsend, 77 Tex. 464, 14 S.W. 365, wherein the court held: "We think it is a general rule that, when the performance of a duty is sought to be compelled by the writ of mandamus, all persons charged with the performance of that duty must be made parties defendant in the writ." In the application Wiebusch was not charged with the performance of any duty. Such duty sought to be performed could be exercised only by the Justice of the Peace.

The Dallas court in Blankenship v. Little Motor Kar Co., Tex.Civ.App., 224 S.W. 210, 211, in discussing a similar question as it related to a mandamus against a district judge, said: "We are unable to perceive any soundness in respondent's contention, embodied in the motion to abate, because the application presents only the question of ascertaining whether or not the judge of the district court has refused to do an official act involving only official power and duty arbitrarily laid upon him by law, and the performance of which, if it be so required, could in no way comprehend the

impairment of any legal right, which might be asserted to circumvent such legal requirement. Where application for a writ of mandamus is sought to compel a trial judge to do what is alleged to be a duty mandatorily enjoined upon him by law, and as to which, if it thus exists, he could have no discretion, a case of that nature, which has been held to require parties litigant adverse to the relator to be brought into the proceeding, is not presented. The proceeding here invokes only a question of absolute and rigid inherent duty of the judge to follow an unalterably fixed and prescribed official course, excluding the exercise of discretion, and the writ, if granted, could run only against him. * * *"

Could the Justice of the Peace, under the above rule and the factual situation here, set aside a default judgment regularly entered when more than ten days had passed since the entry thereof? I think not. This exact question was before the Dallas Court of Civil Appeals in Richburg v. Baldwin, Tex.Civ.App., 89 S.W.2d 851, writ of error dismissed. This opinion held in effect that the action of the court in setting aside the judgment after ten days had elapsed was a nullity and that the applicant for mandamus was entitled to execution on the judgment as a matter of legal right. (See this case for collation of authorities).

My view is that since the action of the Justice of the Peace in setting aside the judgment was void and since defendant Wiebusch had a remedy by writ of certiorari, provided he exercised it within ninety days as provided by Rule 579, T.R.C.P., and since Wiebusch, through his attorney, had notice that default judgment had been rendered against him within said ninety day period, and since he did not avail himself of the legal remedy to vacate the default judgment so entered against him (see Galveston H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S.W. 918, point page 919, the judgment of the trial court should be reversed and judgment rendered directing the trial court to grant the application for writ of mandamus and give the plaintiff the relief prayed for.