Maria HERRERA, Appellant,

v.

E. H. TALBERT, Appellee.

No. 13362.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 24, 1958.

Ronald Smallwood, San Antonio, for appellant.

Pat Maloney, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted on August 5, 1958, in the 73rd District Court of Bexar County, as Cause No. F–108,931 by Maria Herrera against E. H. Talbert, seeking in a trespass to try title action to recover, among other things, the title and possession of about twenty acres of land situated in Bexar County, and fully described in the petition.

Defendant, Talbert, answered setting up a plea in abatement, based upon the alleged pendency of another suit between the same parties and involving the same subject matter, styled Maria Francisca Herrera et al. v. E. H. Talbert et al., No. F–83,585, on the docket of the 37th District Court of Bexar County. The trial court sustained defendant's plea in abatement and dismissed the cause, from which judgment Maria Herrera has prosecuted this appeal.

There is no doubt about the fact that the two cases were between the same parties and involved the same subject matter, the only question being whether Cause No. F–83,585 was a pending case or a disposed of case at the time Cause No. F–108,931 was instituted.

Appellant correctly states that, "The sole and only question is this: Did the trial court in cause No. F–83,585, have jurisdiction to grant a new trial on June 27, 1955, in the absence of a written agreement of the parties extending the time to act on the motion for a new trial? If it did have jurisdiction, then No. F–83,585, is still pending between the parties and the trial court in the instant suit properly sustained the

plea in abatement. If it did not have jurisdiction on such date, so that the order attempting to grant a new trial was a nullity, then the action of the trial court in this cause, in dismissing the suit, was erroneous, and the judgment should be reversed and the cause remanded for trial on the merits."

The procedure for filing and disposing of motions for new trial in district courts having continuous terms is set forth in Rule 329–b, Texas Rules of Civil Procedure. It is there provided that a motion for new trial must be filed within ten days after rendition of judgment. Such motion may be once amended, within twenty days after the original motion is filed, and must be acted upon within forty-five days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date. If there is no written agreement to postpone, then the motion or amended motion is overruled by operation of law forty-five days after the same is filed, unless disposed of by an order rendered before said date. Judgments in the district court shall become final after the expiration of thirty days after the date of rendition of judgment or order overruling an original or amended motion for new trial.

The trial court granted a new trial in Cause No. 83,585 on June 27, 1955, which was eighteen days after the first amended motion for a new trial had been overruled by operation of law, but within the thirty-day period following the overruling of such motion, during which period, Rule 329–b expressly provides, a trial court has jurisdiction over its judgment. The trial court had jurisdiction to set aside the judgment during the thirty-day period following the date upon which the amended motion for a new trial was overruled by operation of law, and its order granting a new trial on June 27, 1955, had the legal effect of setting aside the judgment theretofore entered on March 30, 1955, and leav-

ing the cause pending on the docket of the 37th District Court, the same as if no trial had taken place.

■ Let us trace carefully what happened in the trial of Cause No. F-83,585. On March 30, 1955, the trial court rendered judgment in favor of the plaintiff, Mrs. Herrera. On April 1, 1955, which was well within the ten days allowed by Rule 329–b, T.R.C.P., defendant, Talbert, filed his original motion for new trial, and thereafter filed his first amended motion for new trial on April 14th, which was well within the twenty-day period allowed for filing an amended motion for new trial. On April 24, 1955, he undertook to file a second amended motion for new trial, which is not authorized and therefore such action was a nullity. On May 30, 1955, the amended motion was overruled by operation of law, the forty-five-day period having passed without a written agreement of the parties to enlarge the time for action on such motion, and without an order of the trial court acting on such amended motion. Therefore, for thirty days thereafter, until June 29, 1955, the trial court retained jurisdiction over its judgment with power to correct, amend or set it aside, with or without a motion. Rule 329–b, Sec. 5 and Sec. 6(c); Nevitt v. Wilson, 116 Tex. 29, 285 S.W. 1079, 48 A.L.R. 355; First National Bank of Bryan v. Roberts, Tex.Civ. App., 280 S.W.2d 788; Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031; McDonald, Texas Civil Practice, Vol. 4, § 18.03.

■ We are aware of that line of cases, which hold that a trial court has no jurisdiction to overrule a motion for a new trial after it has been overruled by operation of law by the passing of the forty-five-day period provided for in Rule 329–b, and thereby affect the time within which the record must be filed in the appellate court, because he would be attempting to do for the second time a thing that had already been done by operation of law. This is the substance of the holding in such

cases as: Martinez v. Stephens, Tex.Civ. App., 246 S.W.2d 707; Barnes v. Raymer, Tex.Civ.App., 224 S.W.2d 516; Alexander Motor Co. v. Pruitt, Tex.Civ.App., 198 S.W.2d 947; Jones v. Campbell, Tex.Civ. App., 188 S.W.2d 679. But where a court exercises its inherent power to set aside a judgment during the time it has jurisdiction over such judgment quite a different situation is presented. There is no appeal from an order setting aside a judgment in this State, and, therefore, whether the trial court abused its discretion in doing so is a question which can never be considered by a higher court in this State.

The trial court properly sustained the plea in abatement and dismissed the cause.

The judgment is affirmed.