The STATE of Texas, Appellant,

v.

**PRODUCERS UTILITIES CORPORATION,**
Appellee.

No. 9115.

Court of Civil Appeals of Texas, Amarillo.

June 30, 1980.

Mark White, Atty. Gen., Joe D. Jarrard, Jr., Asst. Atty. Gen., Austin, for appellant.

Templeton & Garner, Robert E. Garner, Amarillo, for appellee.

REYNOLDS, Chief Justice.

The State of Texas seeks the reversal of a judgment ordering it to pay Producers Utilities Corporation $33,781 with prejudgment interest. The payment ordered is in discharge of the State's previously adjudged liability to reimburse Producers for the cost of relocation of its pipelines necessitated by the improvement of a highway. The reversal is sought on challenges to the jurisdiction of the court to render, and to the legal sufficiency of the evidence to support, the judgment. The challenges are unavailing. Availing, however, is the State's contention that the award of prejudgment interest is unauthorized. Modified and affirmed.

The State of Texas, acting by and through the agency of the State Highway Department, undertook the improvement of the State highway system and the completion of the National System of Interstate and Defense Highways by locating Interstate Highway 40 through Carson County, Texas. On allegations that Producers Utilities Corporation had refused to relocate its gas pipelines within the right-of-way for Interstate Highway 40 in two separate areas in Carson County as required by law, the State initiated this litigation by seeking a mandatory injunction compelling Producers to do so. The State pleaded that Producers "is required to relocate said gas pipelines at the cost and expense of the Plaintiff [the State of Texas]," and further pleaded "an offer to reimburse it [Producers] for the cost and expense of said relocations to the full extent provided therefor in said Article 6674w–4 [Tex.Rev.Civ.Stat. Ann. (Vernon 1977)]."[1] The State prayed that Producers be directed, ordered and enjoined to relocate its gas pipelines in said public right-of-way "at the cost and expense of the Plaintiff in accordance with the law." Producers answered with a general denial.

The parties appeared by and through respective counsel of record before the court, who recited in its 30 September 1975 judgment that

according to law as a part of the National System of Interstate and Defense Highways, including extensions thereof within urban areas, such relocation shall be made by the utility at the cost and expense of the State of Texas provided that such relocation is eligible for Federal participation."

---

1. Article 6674w–4 is a part of the statute addressing the modernization of highway facilities. Tex.Rev.Civ.Stat.Ann. art. 6674w (Vernon 1977). This article reads, in part: "Whenever the relocation of any utility facilities is necessitated by the improvement of any highway in this State which has been or may hereafter be established by appropriate authority

Both counsel announced ready for trial, waived a jury, and submitted all issues of law and fact in this cause to the Court for determination.

By its judgment, the court directed the specific relocations of Producers' gas pipelines, ordered Producers to comply with the directions, and ordered that upon completion of the relocations, "The State of Texas shall reimburse Producers Utilities Corporation for all its costs and expenses incurred in accomplishment of said relocations to the full extent authorized by law as soon as practicable." The court then enjoined both parties to comply fully, decreeing that "upon full compliance with the foregoing directions and orders of the Court by the parties herein, IT IS ORDERED that the injunction placed on each shall be dissolved and be of no further force and effect." The judgment was approved as to both form and substance by counsel of record for each party.

Thereafter on 26 April 1979, another judgment, entitled "ORDER FOR PAYMENT," was rendered by which the court ordered, adjudged and decreed that Producers recover from the State the sum of $33,-781, together with interest thereon at the rate of nine percent (9%) per annum from 11 March 1976 until paid. The predecretal factual ascertainments were expressed thusly:

BE IT REMEMBERED that on September 30, 1975, Judgment was entered in the above-captioned cause, which provided in pertinent part as follows:

"9. Upon completion of the aforesaid relocations in the manner described hereinabove . . . The State of Texas shall reimburse Producers Utilities Corporation for all its costs and expenses incurred in accomplishment of said relocations to the full extent authorized by law as soon as practicable."

Upon consideration of the pleadings, the stipulations of counsel, the evidence introduced, and the argument of counsel, the Court makes the following findings and determinations:

1. The relocations in question were completed on or about March 11, 1976.

2. The cost of such relocations as stipulated by the parties was $33,781.00.

3. The State of Texas should pay to the Defendant, Producers Utilities Corporation, the principal sum of $33,781.00, together with interest at the rate of 9% per annum, accruing from March 11, 1976, until paid.

Appealing, the State first contends that the trial court had no jurisdiction to render the 26 April 1979 judgment. The contention is premised on the theory that the 30 September 1975 judgment became a final judgment thirty days after its rendition, and it could not be altered without additional pleadings, notice and a hearing thereon.

■■■ Contrary to the State's theory, the 1975 judgment was not a final judgment depriving the court of jurisdiction to render its 1979 judgment. "To be final a judgment must determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy." *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 892 (1956). Obviously, the 1975 judgment did not dispose of all the issues submitted for the court's determination; a further judgment would be required after a hearing to determine compliance with the 1975 judgment[2] and the "costs and expenses incurred in accomplishment of said relocations to the full extent authorized by law." Moreover, a judgment, to be final, must be definite and certain; so, if, as in this instance, the judgment does not disclose the monetary amount determinable by ministerial act, the judgment lacks definiteness. *See International Security Life Insurance Co. v. Spray*, 468 S.W.2d 347, 350 (Tex.1971). Hence, the 1975 judgment, by leaving something to be further determined and adjudicated by the court in disposing of the parties and their

---

2. The State concedes, in its original brief, that "a later evidentiary hearing would be necessary to a determination of compliance" with the 1975 judgment.

rights, was interlocutory. *Kinney v. Tri-State Telephone Co.*, 222 S.W. 227, 230 (Tex. Com.App.1920, judgmt approved). It achieved finality only when it was merged by operation of law with the 26 April 1979 judgment to constitute a final judgment disposing of the parties and all issues. *Maxey v. Citizens National Bank of Lubbock*, 489 S.W.2d 697, 704 (Tex.Civ.App.—Amarillo 1972), *rev'd on another ground*, 507 S.W.2d 722 (Tex.1974).

■ Neither was a motion nor further pleading a jurisdictional prerequisite to the rendition of the 26 April 1979 judgment.[3] The approved 30 September 1975 judgment recites that the parties "submitted all issues of law and fact in this cause to the Court for determination." Placed in issue in the cause, actually by the State's own pleadings, and agreeably submitted for the determination of the court were questions of liability and the amount of "the cost and expense of said relocations to the full extent provided for" by law. While the liability therefor was determined by the 1975 judgment, the amount thereof could not be fixed until the completion of the relocations. Of necessity, then, the pleaded and submitted issue of amount remained viable for the court's determination made in the 1979 judgment. Thus, there were pleadings to support the 1979 money judgment, and the judgment conformed, within the meaning of Rule 301, Texas Rules of Civil Procedure, to the pleadings. Beyond that, the pleaded issue being tried by express consent, the State is in no position to raise for the first time on appeal the question of lack or insufficiency of pleadings to support the final money judgment. *Bednarz v. State*, 142 Tex. 138, 176 S.W.2d 562, 563 (1943).

**3.** Although passing reference was made to the lack of a motion or pleading for a money judgment in the State's original brief, the secondary theory that a motion or pleading was necessary to invoke the court's jurisdiction to grant the 1979 money judgment was first asserted in the State's post-submission brief sans point of error and supporting authority.

**4.** The appellate record consists of the original transcript, which is composed of the pleadings and the two judgments noticed above, together with the State's notice of appeal, and a supple-

■ Next, the State submits, by a series of points of error, that the 26 April 1979 judgment was rendered without an evidentiary hearing and, thus, there is no evidence to support the court's findings upon which the judgment is based. The offer is not supported by the appellate record.

No statement of facts has been presented. None is available, the State declares in its briefs, because there was no evidentiary hearing. Producers replies in its brief that there was a hearing. While counsels' veracity is not questioned, the determination is to be made on the record before this court. *Travelers Insurance Company v. Brown*, 402 S.W.2d 500, 504 (Tex.1966).

The only revelation germane to this matter in the record properly before us is the trial court's 26 April 1979 judgment. As previously quoted, the judgment recites the court considered the stipulations of counsel and the evidence introduced in judicially ascertaining the facts whose legal consequences led to the judgment rendered. The first two factual findings—i. e., that relocations were completed on or about 11 March 1976, and that the cost as stipulated by the parties was $33,781—could be ascertained only upon evidence or stipulation of the facts found, or both, at a hearing after the rendition of the 1975 judgment.

Nothing in the record presented by the State in its appeal[4] serves as proof of the State's declarations.[5] Illustratively, no bills of exceptions are offered to support its declarations and to refute the recitations in the 1979 judgment. *See, e. g., Combs v. Combs*, 435 S.W.2d 166, 168 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ). To ob-

mental transcript, which contains the clerk's bill of costs.

**5.** The State does urge, in its post-submission brief, that its statement of no evidentiary hearing be accepted as correct under Rule 419, Texas Rules of Civil Procedure. This we may not do. While the rule permits the acceptance of a statement made by appellant in his original brief as correct unless challenged by the opposing party, the statement that there was no evidentiary hearing was challenged and contradicted by Producers in its reply brief.

tain a reversal of the judgment for the lack of any supporting evidence, the State had the burden to bring forward a record which disclosed the error. *Uvalde Const. Co. v. Joiner*, 132 Tex. 593, 126 S.W.2d 22, 24 (1939). The record presented by the State not only fails to sustain its declarations, but, to the contrary, disproves them.

■ Lastly, the State contends, in essence, that the court erred in ordering, and Producers is not entitled to recover, prejudgment interest. We concur.

Producers' recovery is set by the statute as reimbursement of the cost of relocation, which is statutorily defined[6] without including the element of prejudgment interest. Tex.Rev.Civ.Stat.Ann. art. 6674w–4 (Vernon 1977). Except for the statute's provision for the State's assumption of the relocation cost to the extent stated, Producers could be required to relocate its pipelines at its own expense. *State v. City of Austin*, 160 Tex. 348, 331 S.W.2d 737, 741 (1960). The Legislature, after considering the necessary factors (among which reasonably could have been a consideration of the time required to arrive at the cost of relocation after its completion), determined that the State should reimburse utilities only to the extent specified, which the Legislature had the right to do. *Id.* at 743. It would, therefore, be an unwarranted invasion of the province of the Legislature for us to add an element of reimbursement—*i. e.*, prejudgment interest—not provided by the Legislature in establishing the extent of the State's assumption of the cost of relocation.

Accordingly, the 26 April 1979 judgment of the trial court is modified to eliminate therefrom the recovery of prejudgment interest and, as modified, is affirmed.

DODSON, J., dissents.

DODSON, Justice, dissenting.

I respectfully dissent. In the interest of justice, I would reverse the erroneous 26 April 1979 judgment for reasons to be stated and remand the matter to the trial court. On 26 April 1979, the trial court rendered judgment that Producers recover from the State of Texas the sum of $33,781.00, together with interest thereon at the rate of nine (9) percent per annum from March 1976 until paid. By the judgment, Producers apparently recovered the cost and expenses incurred in relocating certain utility gas lines necessitated by the construction of Interstate Highway 40 in Carson County, Texas. The State appeals from this judgment.

In its brief filed herein, the State prays that the judgment be set aside and the appeal dismissed. Alternatively, the State prays that the judgment be reversed and the case remanded to the trial court. In support of its position, the State in essence says, *inter alia*, that the trial court had no jurisdiction to render the 26 April 1979 judgment because such judgment was not supported by pleadings, stipulations or any evidence. The record shows that on 4 June 1975, the State filed its original petition seeking a mandatory injunction to require Producers to relocate certain utility gas lines situated in the right of way of Interstate Highway 40 in Carson County, Texas. The cost and expenses for relocation of the gas lines are mentioned only in the State's original petition. These allegations are:

### 6.

The Defendant is required to relocate said gas pipelines at the cost and expense of the Plaintiff, *provided such relocation is eligible for "Federal cost participation"* pursuant to the provisions of *Article 6674w–4 of the Texas Civil Statutes* (emphasis added).

### 7.

The Defendant has refused and continues to refuse to relocate said gas pipelines

---

**6.** "The term 'cost of relocation' includes the entire amount paid by such utility properly attributable to such relocation after deducting therefrom any increase in the value of the new facility and any salvage value derived from the old facility, and otherwise as may be fixed by regulations for Federal cost participation." Tex.Rev.Civ.Stat.Ann. art. 6674w–4 (Vernon 1977).

within the right of way for Interstate Highway 40 as it is required by law to do. The Plaintiff has heretofore specified the places at which said gas pipelines of the Defendant are to be relocated within the said right of way and has tendered the Defendant an offer to reimburse it for the cost and expense of said relocations to the full extent provided therefor in said Article 6674w–4.

Furthermore, in its prayer the plaintiff prays that

the Defendant be cited as required by law, that upon hearing the Defendant be directed, ordered and enjoined forthwith to relocate its gas pipelines, situated within the public right of way, hereinabove more specifically described, to the locations, hereinabove more specifically designated, *in said public right of way at the cost and expense of the Plaintiff in accordance with the law; for costs of Court and for such other and further relief to which the Plaintiff may be entitled* (emphasis added).

In response to the State's original petition, Producers filed the following general denial:

Now comes PRODUCERS UTILITIES CORPORATION, defendant in the above entitled and numbered cause, and files this its original answer, and would respectfully show the court the following:

I.

*Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition* for Mandatory Injunction, and of this it puts itself upon the country.

WHEREFORE, premises considered, defendant prays that the plaintiff take nothing by its suit, and that this defendant go hence with its costs without day as to plaintiff's suit (emphasis added).

The State's original petition and Producers' general denial constitute the only pleadings in the record. More particularly, Producers failed to file any pleading to invoke the court's jurisdiction for its claim for relocation cost and expenses.

It is elementary that the first consideration by any court is the determination of its own jurisdiction. *Barnes v. Bituminous Casualty Corp.,* 495 S.W.2d 5, 9 (Tex.Civ. App.—Amarillo 1973, writ ref'd n.r.e.). As stated in *Barnes*:

The district court's lack of jurisdiction over the subject matter was not directly called to the trial judge's attention; *nevertheless, a matter of first consideration by any court is the determination of its own jurisdiction. Lone Star Finance Corporation v. Davis,* supra. Jurisdiction of the court is not determined by its decision on the questions presented, but upon the character of the case itself. *Martin v. Sheppard,* 145 Tex. 639, 201 S.W.2d 810 (1947). *The district court is constitutionally granted original jurisdiction* " . . . *of all suits,* . . . *when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest;* . . . " (emphasis added).

*Id.* at 9. Producers' claim for relocation cost and expenses is an action created by article 6674w–4 of the Texas Revised Civil Statutes Annotated. By this statute, the jurisdiction of claims for relocation cost and expenses is not vested in the district courts of the state. At best, the claim is an action for a debt. In general, jurisdiction of the various courts of this state to determine suits for debts is based on the allegations in the petition as to the amount in controversy. *Richardson v. First National Life Insurance Co.,* 419 S.W.2d 836, 839 (Tex.1967). As the Texas Supreme Court stated in *Richardson*:

In our case the Constitution and statutes do give jurisdiction to various courts to determine suits for debt, based on the allegations in the petition as to the amount in controversy. Also, in our case the only allegation as to a definite debt is $314.37, and that amount is not within the jurisdiction of a district court.

*Id.* at 839. In the case before us, there is a total absence of any allegations as to the amount in controversy, *i. e.,* the alleged

amount of the debt, or an alleged amount of relocation cost and expenses.

Moreover, this deficiency in the pleading is not supplied by the stipulations by the parties. Rule 11 of the Texas Rules of Civil Procedure provides that:

> No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

No stipulations by the parties appear in the record of this cause. Furthermore, as the 26 April 1979 judgment appears of record in this cause, it fails to show that the parties agreed to the judgment.

I further reiterate that the court's jurisdiction of Producers' claim for relocation cost and expenses is determined by the parties' pleadings rather than by subsequent evidence received by the court. *Jones v. Maples*, 184 S.W.2d 844, 848 (Tex.Civ.App. —Eastland 1944, writ ref'd). In this connection neither party seriously contends that the court had an "evidentiary hearing" on the subject matter of the 26 April 1979 judgment.

Under the circumstances of this case, I am persuaded that the trial court had no jurisdiction to adjudicate Producers' claim for cost and expenses incurred by relocating the gas lines in question. The jurisdictional and procedural rules applicable in this instance are ably stated by the court in *City of Beaumont v. West*, 484 S.W.2d 789, 791 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.) as follows:

> Although there were no pleadings challenging the jurisdiction of the trial court and the matter has not been raised directly by the parties, we must first determine our jurisdiction over the controversy. As was said in *Able v. Bloomfield*, 6 Tex. 263, 264 (1851), "Want of jurisdiction of the subject matter of the suit, will arrest a cause at any stage of the proceedings."

> Jurisdiction of a court is conferred only by the constitution and the statutes and a court without jurisdiction cannot render a valid judgment. *Nevitt v. Wilson*, 116 Tex. 29, 285 S.W. 1079, 1084, 48 A.L.R. 355 (1926); *Daniel v. Dallas Independent School District*, 351 S.W.2d 356, 359 (Tex. Civ.App., El Paso, 1961, error ref. n.r.e.). If at any time during its progress it becomes apparent that the court has no authority under the law to adjudicate the issues presented, it becomes the duty of the court to dismiss it. *Snyder v. Wiley & Porter*, 59 Tex. 448, 449 (1883); *Galley v. Hedrick*, 127 S.W.2d 978, 981 (Tex.Civ. App., Amarillo, 1939, no writ).

Thus, in the interest of justice, I would reverse the judgment and remand the matter to the trial court for further proceedings consistent with this opinion. Being of this view, I further state my agreement with the majority that Producers is not entitled to prejudgment interest on any costs and expenses incurred in relocating the gas lines in question.

Moreover, the 26 April 1979 judgment should be reversed for further reasons. As stated in 4 R. McDonald, Texas Civil Practice § 17.27 (rev. 1971):

> Except when the necessity of supporting pleadings was expressly or impliedly waived by the parties, it had long been established prior to 1941 that the rendition of a judgment not supported by the pleadings constituted fundamental error.

This statement presupposes that the court had jurisdiction of the controversy in the first instance. Nevertheless, the record before us fails to show that the State manifested an expressed or implied intent to waive or relinquish the necessity of pleadings to support Producers' claim for relocation cost and expenses. Furthermore, it is fundamental that in the absence of any affirmative pleadings, stipulations or evidence, a party cannot be awarded affirmative relief. *Starr v. Ferguson*, 140 Tex. 80, 166 S.W.2d 130, 132 (1942); *Bunnett/Smallwood & Co. v. Helton Oil Co.*, 577 S.W.2d 291, 294 (Tex.Civ.App.—Amarillo 1978, no writ); *Huddleston v. Fergeson*, 564 S.W.2d 448, 451 (Tex.Civ.App.—Amarillo 1978, no writ); *Cearley v. Cearley*, 331 S.W.2d 510, 512 (Tex.Civ.App.—Dallas 1960, no writ); Tex.R.Civ.P. 301; 4 R. McDonald, Texas Civil Practice § 17.27 (rev. 1971).

For the reasons stated, I respectfully dissent.