NO. 07-01-0262-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 7, 2001

_____

JERRY MORITZ, APPELLANT

V.

LAVINA ROGERS, ET AL., APPELLEES

_____

FROM THE 286TH DISTRICT COURT OF COCHRAN COUNTY;

NO. 2675; HONORABLE JOHN FORBIS, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Jerry Moritz appeals a final judgment against him in a suit filed by Lavina Rogers and others.  We dismiss for lack of jurisdiction.

BACKGROUND

On February 26, 2001, judgment in favor of appellees Lavina Rogers, et al., was signed in cause number 84-02-2675 in the 286th District Court of Cochran County (the trial

court).  On March 27, 2001, appellant filed a Motion for New Trial which was overruled by operation of law.  On June 25, 2001, appellant filed a Notice of Appeal.

Pursuant to TEX. R. APP. P. 42.3,[1] we notified the parties that we would consider this court's jurisdiction over the appeal and directed that on or before August 24, 2001, the parties submit any briefs or other matters they wished to be considered on the jurisdiction question.  On August 24, 2001, the appellate clerk received and filed a Motion to Dismiss for Want of Jurisdiction on behalf of appellees.  Appellant has not filed a brief or other matters to be considered on the jurisdiction issue.

LAW

Jurisdiction of a court exists by reason of the constitution and such valid laws and rules as may be enacted thereunder.  Nevitt v. Wilson, 116 Tex. 29, 285 S.W. 1079, 1084 (1926).  In a civil case, appeal is perfected by timely filing a notice of appeal.  TRAP 25.1(a).  To be timely, notice of direct appeal must be filed within 30 days after the judgment being appealed from is signed, with certain exceptions.  TRAP 26.1.  As relates to the matter before us, an exception exists when any party timely files a motion for new trial.  TRAP  26.1(a)(1), (4).  In such situation the notice of appeal must be filed within 90 days after the judgment is signed.  TRAP  26.1(a).

---

[1]Further reference to a rule of appellate procedure will be by reference to "TRAP_."

2

The time for filing a notice of appeal may be extended for 15 days under certain circumstances. TRAP 26.3. Once the period for granting a motion for extension of time has passed, however, a party's attempt to appeal will not invoke the appellate court's jurisdiction to determine the merits of the appeal. See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (interpreting former TRAP 41(a)(2)). If notice of appeal is not filed timely, the appellate court's jurisdiction is invoked only to the extent that the court may determine its lack of jurisdiction and dismiss the appeal. See In re Simpson, 932 S.W.2d 674, 679 (Tex.App.--Amarillo 1996, no writ). Any other action taken by a court without jurisdiction is a nullity. See id.; In re Frost, 815 S.W.2d 890, 892 (Tex.App.--Amarillo 1991, no writ) (when a court lacks jurisdiction, any action taken is void). Accordingly, courts must address questions of jurisdiction both *sua sponte* and when raised by the parties. Buffalo Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277 (Tex.App.--Amarillo 1995, no writ).

ANALYSIS

The trial court's Judgment signed on February 26, 2001, disposed of all parties and issues. Appellant timely filed a motion for new trial. His notice of appeal, however, was filed on June 25, 2001. That date was not within either the 90-day period after the judgment was signed, or within the subsequent 15-day period for which an extension of time to file the notice of appeal could have been granted. See TRAP 26.1(a)(1), TRAP 26.3; Verburgt, 959 S.W.2d at 617. The notice of appeal was not timely filed. Our jurisdiction was not invoked to consider the merits of the appeal.

3

CONCLUSION

Because appellant did not timely file his notice of appeal, we must and do dismiss the appeal for lack of jurisdiction. TRAP 39.8, 43.2(f).


Phil Johnson
Justice


Do not publish.

4