**In the Interest of Jeff Alen FROST.**

**No. 07–91–0131–CV.**

Court of Appeals of Texas, Amarillo.

Sept. 5, 1991.

---

Jon R. Waggoner, Amarillo, for appellant.

Catherine E. Brown Dodson, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant James Elmer Frost brings this appeal from an order of the trial court denying in part and granting in part his motion to modify and rescind an order withholding child support from his earnings. In two points, appellant contends (1) the trial court erred in ordering child support continued past the child's eighteenth birthday because the child was not fully enrolled in an accredited secondary school and the trial court had no jurisdiction or authority over the child, and (2) if the trial court had jurisdiction to enter such an order, it abused its authority in doing so as the child was not fully enrolled in an accredited secondary school. We affirm the judgment of the trial court.

Subsequent to hearing the motion in question, the trial court made findings of fact. Since appellant does not challenge those factual findings, our factual resume is based upon them. The parties were divorced on August 1, 1989. At that time, their son Jeff Alen Frost (Jeff) was under the age of eighteen years. Appellant was ordered to make child support payments, with certain exceptions, until Jeff attained eighteen years of age. The exception in question here provides that such payments would continue past the age of eighteen "if the child is fully enrolled in an accredited secondary school in a program leading to a high school diploma, the periodic child support payments will continue to be due and payable until the end of the school year in which the child graduates."

Appellant's motion was filed on November 21, 1990. In the motion, he asserts that Jeff is now above eighteen years of age and is not fully enrolled in an accredited secondary school in a program leading towards a high school diploma. Jeff is a learning disabled student and is fully enrolled in the ACCESS program at Amarillo College. The ACCESS program is an alternative and equivalent program needed for such students which is approved by the Texas Education Agency.

The curriculum offered through the Amarillo Independent School District cannot meet Jeff's particular needs while the ACCESS program does so. Jeff's enrollment in the ACCESS program was approved by the principal of Amarillo High School at which Jeff was enrolled. Jeff

should complete the ACCESS program in approximately eighteen months following December 19, 1990. Upon successfully completing the program, his school records there will be evaluated and a successful completion of the ACCESS program will comply with all state requirements for the issuance of a high school diploma from Amarillo High School, which is an accredited secondary school. Such a diploma will be issued Jeff upon his successful completion of the ACCESS program.

In pertinent part, Texas Family Code Annotated § 14.05(a) (Vernon Supp.1991), provides, "[t]he court of continuing exclusive jurisdiction may render an original support order ... past the 18th birthday of the child, whether the request for such an order is filed before or after the child's 18th birthday, *if the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma.*"

■ Since it is uncontroverted that the Amarillo College ACCESS program is one leading toward a high school diploma, the crux of appellant's attack must be that Jeff's enrollment in the program does not constitute full enrollment in an accredited secondary school within the purview of the statute. Parenthetically, while appellee suggests that the trial court's action be measured by an abuse of discretion standard, we cannot agree. When the court lacks jurisdiction, any action taken on a matter is void and should be regarded as if it never existed. *Nevitt v. Wilson*, 116 Tex. 29, 285 S.W. 1079, 1084, 48 A.L.R. 355 (1926); *State v. Mapp*, 764 S.W.2d 823, 824 (Tex.App.—Houston [14th Dist.] 1989, no pet.); *Southwestern Bell Tel. Co. v. City of Kountze*, 543 S.W.2d 871, 873 (Tex.Civ. App.—Beaumont 1976, no writ).

The Code Construction Act [Texas Government Code Annotated §§ 311.001–311.032 (Vernon 1988 & Vernon Supp. 1991)] which became effective September 1, 1985, instructs that in construing a statute, whether or not it is considered ambiguous on its face, we may consider the object sought to be attained and the consequences of a particular construction. *Id.* at § 311.023.

■ In *State v. Dyer*, 145 Tex. 586, 200 S.W.2d 813, 815 (1947), the Court noted the governing rule as "[t]he intention of the legislature in enacting a law is the law itself, and must be enforced when ascertained, although it may not be consistent with the strict letter of the statute. Courts will not follow the letter of a statute when it leads away from the true intent and purpose of the legislature, and to conclusions inconsistent with the general purpose of the act."

In *State v. Terrell*, 588 S.W.2d 784, 786 (Tex.1979), the Court reiterated that the fundamental rule controlling the construction of a statute is to ascertain the intent of the Texas Legislature, and again commented "if the intent of the Legislature is ascertained, courts must enforce that intent even though the intent is not altogether consistent with the strict letter of the statute."

In *Stoner v. Hudgins*, 568 S.W.2d 898, 903 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.), the court explicated the corollary that a narrow verbal construction should not be permitted to vitiate the public policy sought to be served with the comment that "especially is this so where the narrow construction discourages rather than encourages the very action which the legislature has sought to foster and promulgate."

■ Neither party has cited, nor have we have been able to find, any direct authority on the specific question before us. However, our examination of the statute convinces us that the obvious intent of the legislature was to require a father to aid in the support of his child, even if that child is over eighteen years of age, so long as that child was actively participating in studies which would lead to a high school diploma. Since such studies are normally provided by an accredited secondary school, it is understandable that the legislature would use that terminology. Even so, implicit in the legislature's intent was its overriding concern that the child's participation be under supervision which would ensure that it

would be a proper and effective course of study accomplished in accordance with established educational precepts.

Reiterated, the facts in this case show that Amarillo High School does not have a program conducted within its physical confines which meets the needs of a learning disabled child such as Jeff, whereas Amarillo College does have such a program. That program is approved by both the Texas Education Agency and the principal of Amarillo High School, and Jeff's enrollment in the program was approved by the principal of the high school at which Jeff was enrolled. Upon Jeff's successful completion of the course, his school records will be reviewed by Amarillo High School and a high school diploma will be issued by the high school.

This record shows a compliance with the intent of the legislature. The only place Jeff could obtain the educational supervision to meet his special needs was in the ACCESS program. Although his studies will not actually take place within the physical confines of Amarillo High School, his enrollment in the program was approved by the principal of the school. That approval, coupled with the commitment to review Jeff's record at Amarillo College and to award a diploma upon a successful completion of the ACCESS program, constitutes a sufficient constructive compliance with the obvious legislative intent to encourage minors to complete their high school education and to do so under proper educational supervision.

For us to hold otherwise would be to condemn minors over eighteen years old with special learning problems whose high schools do not have a program suiting their needs, but who wish to complete their high school education, to do so without support from a parent who would be obligated to furnish such support if the child were under eighteen years. Such a narrow interpretation would discourage the legislative intent to complete that education. We hold, therefore, that the trial court had jurisdiction to enter the instant order.

Accordingly, appellant's points of error are overruled and the judgment of the trial court affirmed.