NO. 07-05-0324-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 21, 2005



______________________________


 

DEWAYNE FRY, APPELLANT



V.



GOODPASTURE, LTD., APPELLEE



_________________________________



FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;



NO. 10076; HONORABLE RON ENNS, JUDGE


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Dewayne Fry appeals a summary judgment against him in a suit filed by
Goodpasture, Ltd. We dismiss for lack of jurisdiction.BACKGROUND

 On May 26, 2005, summary judgment was granted in favor of appellee
Goodpasture, Ltd. in cause number 10076 in the 69th District Court of Dallam County (the
trial court). On June 27, 2005, appellant filed a Motion for New Trial which was overruled
by operation of law. On September 14, 2005, appellant filed a Notice of Appeal and a
Motion to File Notice of Appeal Out of Time. 

 Pursuant to Tex. R. App. P. 42.3, (1) we notified the parties that we would consider this
court's jurisdiction over the appeal and directed that, on or before October 10, 2005, the
parties submit any briefs or other matters they wished to be considered on the jurisdiction
question. No response has been received. LAW

 In a civil case, appeal is perfected by timely filing a notice of appeal. TRAP 25.1(a). 
To be timely, notice of direct appeal must be filed within 30 days after the judgment being
appealed from is signed, with certain exceptions. TRAP 26.1. As relates to the matter
before us, an exception exists when any party timely files a motion for new trial. TRAP 
26.1(a)(1). In such situation, the notice of appeal must be filed within 90 days after the
judgment is signed. TRAP 26.1(a). 

 The time for filing a notice of appeal may be extended for 15 days under certain
circumstances. TRAP 26.3. Once the period for granting a motion for extension of time
has passed, however, a party's attempt to appeal will not invoke the appellate court's
jurisdiction to determine the merits of the appeal. See Verburgt v. Dorner, 959 S.W.2d
615, 617 (Tex. 1997) (interpreting former TRAP 41(a)(2)). If notice of appeal is not filed
timely, the appellate court's jurisdiction is invoked only to the extent that the court may
determine its lack of jurisdiction and dismiss the appeal. See In re Simpson, 932 S.W.2d
674, 679 (Tex.App.-Amarillo 1996, no writ). Any other action taken by a court without
jurisdiction is a nullity. See id.; In re Frost, 815 S.W.2d 890, 892 (Tex.App.-Amarillo 1991,
no writ) (when a court lacks jurisdiction, any action taken is void). Accordingly, courts must
address questions of jurisdiction both sua sponte and when raised by the parties. Buffalo
Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277 (Tex.App.-Amarillo 1995, no writ). 

ANALYSIS

 The trial court's summary judgment, signed on May 26, 2005, disposed of all parties
and issues. Appellant timely filed a motion for new trial. His notice of appeal, however,
was filed on September 14, 2005. That date was not within either the 90-day period after
the judgment was signed, or within the subsequent 15-day period for which an extension
of time to file the notice of appeal could have been granted. See TRAP 26.1(a)(1), TRAP
26.3; Verburgt, 959 S.W.2d at 617. As the notice of appeal was not timely filed, our
jurisdiction was not invoked to consider the merits of the appeal. 

CONCLUSION

 Because appellant did not timely file his notice of appeal, our jurisdiction has not
been invoked and we must dismiss the appeal. TRAP 39.8, 43.2(f). 


 Mackey K. Hancock

 Justice

1. Further reference to a rule of appellate procedure will be by reference to "TRAP_."