NO. 07-05-0324-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 21, 2005

_____

DEWAYNE FRY, APPELLANT

V.

GOODPASTURE, LTD., APPELLEE

_____

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 10076; HONORABLE RON ENNS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Dewayne Fry appeals a summary judgment against him in a suit filed by Goodpasture, Ltd. We dismiss for lack of jurisdiction.

BACKGROUND

On May 26, 2005, summary judgment was granted in favor of appellee Goodpasture, Ltd. in cause number 10076 in the 69th District Court of Dallam County (the trial court). On June 27, 2005, appellant filed a Motion for New Trial which was overruled

by operation of law.  On September 14, 2005, appellant filed a Notice of Appeal and a Motion to File Notice of Appeal Out of Time.

Pursuant to TEX. R. APP. P. 42.3,[1] we notified the parties that we would consider this court's jurisdiction over the appeal and directed that, on or before October 10, 2005, the parties submit any briefs or other matters they wished to be considered on the jurisdiction question.  No response has been received.

LAW

In a civil case, appeal is perfected by timely filing a notice of appeal.  TRAP 25.1(a). To be timely, notice of direct appeal must be filed within 30 days after the judgment being appealed from is signed, with certain exceptions.  TRAP 26.1.  As relates to the matter before us, an exception exists when any party timely files a motion for new trial.  TRAP 26.1(a)(1).  In such situation, the notice of appeal must be filed within 90 days after the judgment is signed.  TRAP  26.1(a).

The time for filing a notice of appeal may be extended for 15 days under certain circumstances. TRAP 26.3.  Once the period for granting a motion for extension of time has passed, however, a party's attempt to appeal will not invoke the appellate court's jurisdiction to determine the merits of the appeal.  See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (interpreting former TRAP 41(a)(2)).  If notice of appeal is not filed timely, the appellate court's jurisdiction is invoked only to the extent that the court may

---

[1]Further reference to a rule of appellate procedure will be by reference to "TRAP_."

determine its lack of jurisdiction and dismiss the appeal. See In re Simpson, 932 S.W.2d 674, 679 (Tex.App.–Amarillo 1996, no writ). Any other action taken by a court without jurisdiction is a nullity. See id.; In re Frost, 815 S.W.2d 890, 892 (Tex.App.–Amarillo 1991, no writ) (when a court lacks jurisdiction, any action taken is void). Accordingly, courts must address questions of jurisdiction both *sua sponte* and when raised by the parties. Buffalo Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no writ).

ANALYSIS

The trial court's summary judgment, signed on May 26, 2005, disposed of all parties and issues. Appellant timely filed a motion for new trial. His notice of appeal, however, was filed on September 14, 2005. That date was not within either the 90-day period after the judgment was signed, or within the subsequent 15-day period for which an extension of time to file the notice of appeal could have been granted. See TRAP 26.1(a)(1), TRAP 26.3; Verburgt, 959 S.W.2d at 617. As the notice of appeal was not timely filed, our jurisdiction was not invoked to consider the merits of the appeal.

CONCLUSION

Because appellant did not timely file his notice of appeal, our jurisdiction has not been invoked and we must dismiss the appeal. TRAP 39.8, 43.2(f).


Mackey K. Hancock
Justice

3