NO. 07-09-0179-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 30, 2009
                                       ______________________________

IN THE INTEREST OF T.E.K., M.N.K., AND T.C.K., MINOR CHILDREN
_________________________________

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 23,910; HONORABLE DAN MIKE BIRD, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Mark Koch attempts to appeal an order in a suit affecting the parent-child
relationship. Finding we lack jurisdiction, we will dismiss Koch’s attempted appeal. 
          The trial court signed the order Koch seeks to appeal on February 9, 2009. Koch
filed a motion for new trial on March 6, and filed a notice of appeal with the clerk of the trial
court on June 2. We notified Koch by letter of June 10 that we apparently lacked appellate
jurisdiction. Koch was granted until June 24 to present a response supporting our
jurisdiction over the appeal. He made no response.
          To be timely, a notice of appeal must be filed within thirty days of the date the trial
court signs an appealable order or judgment unless a designated post-trial motion is filed
within the same thirty-day period. Tex. R. App. P. 26.1(a). If an appropriate post-trial
motion is timely filed, a notice of appeal may be filed within ninety days of the date the
judgment was signed.


 Tex. R. App. P. 26.1(a). If a notice of appeal is not timely filed, the
jurisdiction of the appellate court is invoked only to the extent the court may determine its
lack of jurisdiction and dismiss the appeal. See In re Simpson, 932 S.W.2d 674, 679
(Tex.App.–Amarillo 1996, no writ). Any other action taken by a court without jurisdiction
is a nullity. See In re Frost, 815 S.W.2d 890, 892 (Tex.App.–Amarillo 1991, no writ) (when
a court lacks jurisdiction, any action taken is void). We will determine our jurisdiction over
this appeal on our own motion and in light of the facts we have recited. See Buffalo
Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no writ)
(appellate court must address questions of jurisdiction, sua sponte). 
          The appellate timetable for Koch began running on February 9 when the trial court
signed the order in question. See Tex. R. App. P. 26.1. Because Koch timely filed a
motion for new trial, his notice of appeal was due to be filed with the clerk of the trial court
within ninety days after the order was signed, which due date was May 11, 2009. Tex. R.
App. P. 26.1(a)(1). Koch’s notice of appeal, filed June 2, places the attempted appeal
outside our appellate jurisdiction. Accordingly, the appeal is dismissed.


James T. Campbell
 Justice