NO. 07-09-0179-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 30, 2009
_____

IN THE INTEREST OF T.E.K., M.N.K., AND T.C.K., MINOR CHILDREN
_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 23,910; HONORABLE DAN MIKE BIRD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Mark Koch attempts to appeal an order in a suit affecting the parent-child relationship. Finding we lack jurisdiction, we will dismiss Koch's attempted appeal.

The trial court signed the order Koch seeks to appeal on February 9, 2009. Koch filed a motion for new trial on March 6, and filed a notice of appeal with the clerk of the trial court on June 2. We notified Koch by letter of June 10 that we apparently lacked appellate jurisdiction. Koch was granted until June 24 to present a response supporting our jurisdiction over the appeal. He made no response.

To be timely, a notice of appeal must be filed within thirty days of the date the trial court signs an appealable order or judgment unless a designated post-trial motion is filed within the same thirty-day period. Tex. R. App. P. 26.1(a). If an appropriate post-trial motion is timely filed, a notice of appeal may be filed within ninety days of the date the judgment was signed.[1] Tex. R. App. P. 26.1(a). If a notice of appeal is not timely filed, the jurisdiction of the appellate court is invoked only to the extent the court may determine its lack of jurisdiction and dismiss the appeal. *See In re Simpson,* 932 S.W.2d 674, 679 (Tex.App.–Amarillo 1996, no writ). Any other action taken by a court without jurisdiction is a nullity. *See In re Frost,* 815 S.W.2d 890, 892 (Tex.App.–Amarillo 1991, no writ) (when a court lacks jurisdiction, any action taken is void). We will determine our jurisdiction over this appeal on our own motion and in light of the facts we have recited. *See Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no writ) (appellate court must address questions of jurisdiction, *sua sponte*).

The appellate timetable for Koch began running on February 9 when the trial court signed the order in question. *See* Tex. R. App. P. 26.1. Because Koch timely filed a motion for new trial, his notice of appeal was due to be filed with the clerk of the trial court within ninety days after the order was signed, which due date was May 11, 2009. Tex. R.

---

[1] A notice of appeal filed no later than fifteen days after the deadline for filing may be timely if the appellant complies with Rule of Appellate Procedure 26.3. Tex. R. App. P. 26.3. *See Woodard v. Higgins,* 140 S.W.3d 462, 462 (Tex.App.–Amarillo 2004, no pet.) (applying rule). This rule has no application here because Koch's notice of appeal was not filed within fifteen days of the deadline.

App. P. 26.1(a)(1).  Koch's notice of appeal, filed June 2, places the attempted appeal outside our appellate jurisdiction.  Accordingly, the appeal is dismissed.


James T. Campbell
Justice