NO. 07-09-0330-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 30, 2009
______________________________

BILLY R. CADZOW AND/OR ALL OCCUPANTS, APPELLANT

V.

WELLS FARGO BANKS, N.A., APPELLEE
_________________________________

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2009-563,419; HONORABLE JUDY C. PARKER, JUDGE
_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellants, Billy R. Cadzow and/or All Occupants (Cadzow), appeal a judgment
awarding possession of property located at 3313 25th Street, Lubbock, Texas, to appellee,
Wells Fargo Bank, N.A. The judgment appealed from was signed by the trial court on July
10, 2009. Cadzow filed a request for findings of fact and conclusions of law on August 6,
2009, and notice of appeal on October 8, 2009. Pursuant to Tex. R. App. P. 42.3, we
notified the parties that we would consider this Courtâs jurisdiction over the appeal and
directed that, on or before November 19, 2009, the parties could submit any briefs or other
matters they wished to be considered in relation to the jurisdiction question. Cadzow filed
a response on November 20, 2009. 
Â Â Â Â Â Â Â Â Â Â In a civil case, appeal is perfected by the timely filing of a notice of appeal. Tex. R.
App. P. 25.1(a). To be timely, notice of appeal must be filed within 30 days after the
judgment being appealed is signed, with certain exceptions. Tex. R. App. P. 26.1. One
such exception applies if a party timely files a request for findings of fact and conclusions
of law and those findings and conclusions are either required by the Rules of Civil
Procedure or could be properly considered by the appellate court. Tex. R. App. P.
26.1(a)(4). If a timely request is filed under this exception, the notice of appeal must be
filed within 90 days after the judgment is signed. Id. A request for findings of fact and
conclusions of law is timely filed if it is filed within 20 days of the date that the judgment is
signed. Tex. R. Civ. P. 296. 
Â Â Â Â Â Â Â Â Â Â In addition, the time for filing a notice of appeal may be extended for 15 days under
certain circumstances. Tex. R. App. P. 26.3. Once the period for granting a motion for
extension of time has passed, however, a partyâs attempt to appeal will not invoke the
appellate courtâs jurisdiction to determine the merits of the appeal. See Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997). If notice of appeal is not timely filed, the appellate
courtâs jurisdiction is invoked only to the extent that the court may determine its lack of
jurisdiction and dismiss the appeal. See Fry v. Goodpasture, Ltd., No. 07-05-0324-CV,
2005 Tex.App. LEXIS 8779, at *2 (Tex.App.âAmarillo October 21, 2005, no pet.) (memo.
op.) (citing In re Simpson, 932 S.W.2d 674, 679 (Tex.App.âAmarillo 1996, no writ)). Any
other action taken by a court lacking jurisdiction is a nullity. See Id.; In re Frost, 815
S.W.2d 890, 892 (Tex.App.âAmarillo 1991, no writ) (when a court lacks jurisdiction, any
action taken is void). Accordingly, courts must address questions of jurisdiction both sua
sponte and when raised by the parties. Buffalo Royalty Corp. v. Enron Corp., 906 S.W.2d
275, 277 (Tex.App.âAmarillo 1995, no writ).
Â Â Â Â Â Â Â Â Â Â Cadzow filed his request for findings of fact and conclusions of law 27 days after the
trial court signed the judgment that Cadzow is attempting to appeal. Thus, his request was
not timely filed and, therefore, his notice of appeal was due within 30 days of the date that
the trial court signed the judgment. See Tex. R. Civ. P. 296; Tex. R. App. P. 26.1(a)(4). As
a result, Cadzowâs notice of appeal was filed 60 days past the applicable deadline. 
Further, because Cadzowâs notice of appeal was filed more than 15 days after the date on
which it was due, the Verburgt rule does not apply to this case. See Garza v. Hibernia Natâl
Bank, 227 S.W.3d 233, 233 n.2 (Tex.App.âHouston [1st Dist.] 2007, no pet.). 
Consequently, Cadzowâs notice of appeal was not timely filed and did not invoke our
jurisdiction to consider the merits of the appeal.
Â Â Â Â Â Â Â Â Â Â In response to this Courtâs request for any matters relating to the jurisdictional issue,
Cadzow filed a response that acknowledges that the request for findings of fact and
conclusions of law was untimely, but that this was the result of a mistake rather than
intentional or the result of conscious indifference. While we have no reason to doubt that
the untimely filing was the result of mistake, because the request for an extension of time
to file the notice of appeal was filed more than 15 days after the date upon which the notice
of appeal was due, we may not grant the motion for extension. See Tex. R. App. P. 26.3.
Â Â Â Â Â Â Â Â Â Â Because Cadzow did not timely file his notice of appeal, our jurisdiction has not
been invoked and we must dismiss the appeal. Further, because Cadzowâs motion for
extension of time to file notice of appeal was filed more than 15 days after the notice of
appeal was due, we must deny the motion.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice










ame="Medium List 1 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00263-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



AUGUST
12, 2010

Â 



Â 

IN RE JAICOURRIE FINLEY, RELATOR



Â 



Â 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Relator, JaiCourrie Finley, has filed an
Application for Writ of MandamusÂ requesting this Court order respondent, the
Honorable Ana Estevez, Judge of the 251st District Court of Potter
County, Texas, Âto give consideration to and rule upon the applicantÂs pending
petition for judicial review . . . .ÂÂ  We
deny the petition.

Texas
Rule of Appellate Procedure 52.3[1]
identifies the requirements for a petition for writ of mandamus[2]
filed in this court.Â  Finley has failed
to comply with these requirements.Â  Rule
52.3(a) requires that a petition must include a complete list of all parties
and the names and addresses of all counsel.Â 
Finley does not list the names of the parties against whom he seeks
mandamus relief apart from the identification of Judge Estevez in the argument
portion of his petition.Â  Rule 52.3(b)
requires that the petition include a table of contents with references to the
pages of the petition and an indication of the subject matter of each issue or
point raised in the petition.Â  FinleyÂs petition includes no table of
contents.Â  Rule 52.3(c) requires that a
petition include an index of authorities in which all authorities cited in the
petition are arranged alphabetically and the page(s) upon which the authorities
are cited is indicated.Â  Finley=s petition includes no index of
authorities.[3]Â  Rule 52.3(f) requires the petition include a
concise statement of all issues or points presented for relief.Â  FinleyÂs petition includes no such statement.Â  Rule 52.3(g) requires the petition include a
statement of facts supported by citation to competent evidence included in the
appendix or record.Â  FinleyÂs petition
does not include a statement of facts.Â 
Rule 52.3(h) requires a clear and concise argument for the contentions
made, with appropriate citations to authorities.Â  FinleyÂs argument is reasonably clear and concise, however, he makes no citations to legal
authority.Â  Rule 52.3(i)
requires the petition include a short conclusion that Âclearly states the
nature of the relief sought.ÂÂ  FinleyÂs
conclusion requests this Court to issue a writ of mandamus against Judge
Estevez directing her Âto give consideration to and rule upon the applicantÂs
pending petition for judicial review . . . .ÂÂ 
According to his petition for writ of mandamus, Finley indicates that
the petition upon which he seeks the trial courtÂs ruling relates to his
ÂchallengeÂ of Âsix administrative decisions Â disciplinary actions Â by the
Texas Department of Criminal Justice . . . .ÂÂ 
However, Finley provides no further information regarding the nature of
the relief that he seeks.Â  Rule 52.3(j)
requires the person filing the petition to certify that he has reviewed the
petition and concluded that every factual statement in the petition is
supported by competent evidence included in the appendix or record.Â  Finley did not certify his petition.Â  Finally, Rule 52.3(k)(1)(A)
requires that the appendix to the petition include a certified or sworn copy of
any order complained of, or other document showing the matter complained
of.Â  Finley has not included an appendix
to his petition.Â  As each of these items are required in a petition for writ of mandamus and Finley
has failed to comply with these requirements, we may not grant the relief that
he requests.

As
Finley=s petition for writ of mandamus does
not comply with the requirements of Rule 52.3, we deny the petition.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Mackey
K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 











[1]Further citation of Texas Rules of
Appellate Procedure will be by reference to ARule __.@





[2] While Finley has titled his document an ÂApplication
for Writ of Mandamus,Â we construe it to be a petition for writ of mandamus
subject to the requirements of Rule 52.3.





[3] This omission is not surprising considering that
FinleyÂs petition makes no reference to any legal authority.

Â