NO. 07-09-0330-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 30, 2009
_____

BILLY R. CADZOW AND/OR ALL OCCUPANTS, APPELLANT

V.

WELLS FARGO BANKS, N.A., APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2009-563,419; HONORABLE JUDY C. PARKER, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellants, Billy R. Cadzow and/or All Occupants (Cadzow), appeal a judgment awarding possession of property located at 3313 25th Street, Lubbock, Texas, to appellee, Wells Fargo Bank, N.A. The judgment appealed from was signed by the trial court on July 10, 2009. Cadzow filed a request for findings of fact and conclusions of law on August 6, 2009, and notice of appeal on October 8, 2009. Pursuant to Tex. R. App. P. 42.3, we notified the parties that we would consider this Court's jurisdiction over the appeal and directed that, on or before November 19, 2009, the parties could submit any briefs or other

matters they wished to be considered in relation to the jurisdiction question. Cadzow filed a response on November 20, 2009.

In a civil case, appeal is perfected by the timely filing of a notice of appeal. TEX. R. APP. P. 25.1(a). To be timely, notice of appeal must be filed within 30 days after the judgment being appealed is signed, with certain exceptions. TEX. R. APP. P. 26.1. One such exception applies if a party timely files a request for findings of fact and conclusions of law and those findings and conclusions are either required by the Rules of Civil Procedure or could be properly considered by the appellate court. TEX. R. APP. P. 26.1(a)(4). If a timely request is filed under this exception, the notice of appeal must be filed within 90 days after the judgment is signed. Id. A request for findings of fact and conclusions of law is timely filed if it is filed within 20 days of the date that the judgment is signed. TEX. R. CIV. P. 296.

In addition, the time for filing a notice of appeal may be extended for 15 days under certain circumstances. TEX. R. APP. P. 26.3. Once the period for granting a motion for extension of time has passed, however, a party's attempt to appeal will not invoke the appellate court's jurisdiction to determine the merits of the appeal. See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). If notice of appeal is not timely filed, the appellate court's jurisdiction is invoked only to the extent that the court may determine its lack of jurisdiction and dismiss the appeal. See Fry v. Goodpasture, Ltd., No. 07-05-0324-CV, 2005 Tex.App. LEXIS 8779, at *2 (Tex.App.–Amarillo October 21, 2005, no pet.) (memo. op.) (citing In re Simpson, 932 S.W.2d 674, 679 (Tex.App.–Amarillo 1996, no writ)). Any other action taken by a court lacking jurisdiction is a nullity. See Id.; In re Frost, 815

2

S.W.2d 890, 892 (Tex.App.–Amarillo 1991, no writ) (when a court lacks jurisdiction, any action taken is void). Accordingly, courts must address questions of jurisdiction both *sua sponte* and when raised by the parties. Buffalo Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no writ).

Cadzow filed his request for findings of fact and conclusions of law 27 days after the trial court signed the judgment that Cadzow is attempting to appeal. Thus, his request was not timely filed and, therefore, his notice of appeal was due within 30 days of the date that the trial court signed the judgment. See TEX. R. CIV. P. 296; TEX. R. APP. P. 26.1(a)(4). As a result, Cadzow's notice of appeal was filed 60 days past the applicable deadline. Further, because Cadzow's notice of appeal was filed more than 15 days after the date on which it was due, the Verburgt rule does not apply to this case. See Garza v. Hibernia Nat'l Bank, 227 S.W.3d 233, 233 n.2 (Tex.App.–Houston [1st Dist.] 2007, no pet.). Consequently, Cadzow's notice of appeal was not timely filed and did not invoke our jurisdiction to consider the merits of the appeal.

In response to this Court's request for any matters relating to the jurisdictional issue, Cadzow filed a response that acknowledges that the request for findings of fact and conclusions of law was untimely, but that this was the result of a mistake rather than intentional or the result of conscious indifference. While we have no reason to doubt that the untimely filing was the result of mistake, because the request for an extension of time to file the notice of appeal was filed more than 15 days after the date upon which the notice of appeal was due, we may not grant the motion for extension. See TEX. R. APP. P. 26.3.

3

Because Cadzow did not timely file his notice of appeal, our jurisdiction has not been invoked and we must dismiss the appeal. Further, because Cadzow's motion for extension of time to file notice of appeal was filed more than 15 days after the notice of appeal was due, we must deny the motion.


Mackey K. Hancock
Justice