**Reversed and Rendered and Memorandum Opinion filed May 24, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00382-CV

---

### BRYANT AND NEVA BANES, Appellants

### V.

### CITY OF HOUSTON, Appellee

---

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2020-23297**

---

## M E M O R A N D U M   O P I N I O N

Appellants Bryant and Neva Banes filed an inverse condemnation action against appellee the City of Houston in a Harris County district court. In this appeal, the parties agree that the case must be dismissed on jurisdictional grounds but disagree as to whether the dismissal should be with or without prejudice against refiling the claim. The Baneses assert the dismissal should be without prejudice because Harris County civil courts at law have exclusive jurisdiction over inverse condemnation claims filed in the county. The City contends the

dismissal should be with prejudice because the City enjoys governmental immunity against the Baneses claim, as found by the trial court. We agree with the Baneses, reverse the trial court's order, and dismiss the cause without prejudice.

## *Discussion*

An inverse condemnation action is a constitutional claim in which a property owner asserts that a governmental entity intentionally performed acts that resulted in a "taking" of property for public use, without formally condemning the property. *San Jacinto River Auth. v. Ogletree*, 594 S.W.3d 833, 839 (Tex. App.—Houston [14th Dist.] 2020, no pet.). It is a type of eminent domain proceeding. *Id.* Generally, Texas district courts and county civil courts at law have concurrent jurisdiction in eminent domain cases, but Government Code section 25.1032(c) creates an exception for certain eminent domain cases filed in Harris County, including all inverse condemnation actions. Tex. Gov't Code § 25.1032(c); Tex. Prop. Code 21.001; *Ogletree*, 594 S.W.3d at 839. Under section 25.1032(c), county civil courts at law have exclusive jurisdiction over all inverse condemnation claims filed in Harris County. Tex. Gov't Code § 25.1032(c); *Ogletree*, 594 S.W.3d at 839.[1]

In their lawsuit, the Baneses alleged that the City's sewer construction project, running down the street in front of the Baneses' home, created a nuisance that resulted in a constitutional taking. The City filed a plea to the jurisdiction alleging governmental immunity.[2] After taking argument and evidence from both

---

[1] The basis for the distinction in Harris County appears to have been docket control concerns. *See Taub v. Aquila Sw. Pipeline Corp.*, 93 S.W.3d 451, 457–58 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (discussing legislative history).

[2] The common-law doctrine of sovereign immunity prohibits suits against the state unless the state consents and waives its immunity. *Nazari v. State*, 561 S.W.3d 495, 500 (Tex. 2018). Political subdivisions of the state, including cities, are entitled to the same immunity—in such cases referred to as governmental immunity—unless waived. *Reata Constr. Corp. v. City of*

sides, the trial court granted the City's plea to the jurisdiction on the ground that the Baneses failed to raise a fact issue on the elements of their claim in response to the plea.

On appeal, the parties agree that the Baneses' claim is an inverse condemnation action that should have been filed in a county civil court at law but was instead filed in a district court. Subject matter jurisdiction is essential to the authority of a court to decide a case; it cannot be waived and can be raised for the first time on appeal. *See Clint I.S.D. v. Marquez*, 487 S.W.3d 538, 558 (Tex. 2016); *Ogletree*, 594 S.W.3d at 838. The parties further agree that because the Harris County civil courts at law have exclusive jurisdiction over such claims, the district court lacked subject matter jurisdiction over these claims and that the cause must be dismissed. As stated, the parties disagree, however, as to whether the dismissal should be with or without prejudice.

Typically, when a trial court lacks subject matter jurisdiction over a claim, the claim must be dismissed without prejudice. *See Abdullatif v. Erpile, LLC*, 460 S.W.3d 685, 694 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Gatesco, Inc. Ltd. v. City of Rosenberg*, 312 S.W.3d 140, 143 (Tex. App.—Houston [14th Dist.] 2010, no pet.). This is particularly true when a claim is filed in the wrong court. *See Ogletree*, 594 S.W.3d at 843. Generally speaking, any action taken by a court when it lacks jurisdiction is a nullity and void. *See, e.g.*, *Guardianship of Fairley*, No. 20-0328, 2022 WL 627776, at *12 (Tex. Mar. 4, 2022); *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *see also In re Frost*, 815 S.W.2d 890, 892 (Tex. App.—Amarillo 1991, no writ) ("When the court lacks jurisdiction, any action taken on a matter is void and should be regarded as if it never existed.").

The City, however, argues that we should address the merits of its plea to the

*Dallas*, 197 S.W.3d 371, 374 (Tex. 2006).

jurisdiction because the plea also relates to the jurisdiction of the trial court and a ruling thereon affords greater relief to the City than a ruling based on section 25.1032(c). Indeed, in Texas, when a court grants a plea to the jurisdiction based on a defendant's governmental immunity—as was the basis for the City's plea here—the court typically must dismiss the action with prejudice. *See Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). But while governmental immunity implicates subject matter jurisdiction, it is not coextensive with it. *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 751, 755 (Tex. 2017). In other words, the existence of governmental immunity against claims does not equate to a general lack of subject-matter jurisdiction for all purposes. *Id*. at 751. In contrast, under section 25.1032(c), Harris County district courts have no jurisdiction over inverse condemnation cases. *See Ogletree*, 594 S.W.3d at 839.

The City requests that we review the trial court's determination regarding whether the City was immune from the Baneses' inverse condemnation claim, but under section 25.1032(c), the trial court had no authority to consider the Baneses' claim or whether the City was immune to the claim because the county civil courts at law have the exclusive power to consider inverse condemnation claims in Harris County. *See* Tex. Gov't Code § 25.1032(c); *Ogletree*, 594 S.W.3d at 839.[3] The trial court's order granting the plea on governmental immunity grounds was therefore a nullity and void. *See Guardianship of Fairley*, 2022 WL 627776, at *12; *State ex rel. Latty*, 907 S.W.2d at 486; *In re Frost*, 815 S.W.2d at 892.

The City additionally points out that the same governmental immunity arguments made in the district court would also apply if the case is refiled in a county civil court at law. This argument essentially requests that we issue an

---

[3] As mentioned above, the trial court considered not just the pleadings in ruling on the plea to the jurisdiction but also considered jurisdictional evidence. The trial court had no power to do so.

4

advisory opinion on the question of whether the Baneses' claims are barred by governmental immunity. To do so would assume the Baneses will file the exact same claim in a county civil court at law, the City will file the exact same plea to the jurisdiction, and both sides will present the same arguments and evidence. We have no authority to issue advisory opinions. *See SpawGlass Const. Corp. v. City of Houston*, 974 S.W.2d 876, 879 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) ("Courts may not give advisory opinions or decide cases upon speculative, hypothetical, or contingent situations.").

The City cites *Rusk State Hospital v. Black*, 392 S.W.3d 88 (2012), in support of its contention that we can consider the governmental immunity issue despite the fact that the trial court had no subject matter jurisdiction over the Baneses' claim under section 25.1032(c). In *Rusk*, the Texas Supreme Court considered whether an assertion of governmental immunity could be made for the first time during an interlocutory appeal on matters of standing and ripeness. *Id*. at 94–100. The court indicated that the issue could be addressed for the first time on appeal under certain circumstances but ultimately remanded the case back to the trial court to consider the governmental immunity issue. *Id*. at 95, 100. The *Rusk* court did not address the question raised in the present case regarding whether a court without jurisdiction pursuant to statute can consider a question of governmental immunity.

In its arguments, the City is suggesting that a court which is barred by statute from exercising subject matter jurisdiction over a claim could nonetheless entertain argument and evidence and make a ruling regarding whether a state subdivision enjoyed governmental immunity from the claim. We disagree. Having no jurisdiction over the type of claim, the trial court was without power to consider whether the City was immune from the claim.

5

Because pursuant to section 25.1032(c), the trial court had no jurisdiction over the Baneses' claim, we reverse the trial court's order granting the plea to the jurisdiction on governmental immunity grounds and dismiss the cause without prejudice.

/s/    Frances Bourliot
        Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.